ST. PAUL FIRE & MARINE INSURANCE COMPANY
*v.* MICHIGAN CONSOLIDATED GAS COMPANY.

NEW YORK UNDERWRITERS INSURANCE
COMPANY *v.* SAME.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   Contributory negligence is that negligence, the lack of ordinary care, which contributes to the cause of the injury.

2. APPEAL AND ERROR—PREPONDERANCE OF EVIDENCE—REVERSAL.
   The Court of Appeals will not reverse the judgment of the lower court in a nonjury law case unless the evidence clearly preponderates against the factual findings of the trial court.

3. GAS—NEGLIGENCE—PREPONDERANCE OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.
   Finding of trial court that plaintiff restaurant owner was guilty of contributory negligence in failing to turn off gas on defective hot water heater which then exploded *held*, supported by the record, and not against the preponderance of the evidence.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence § 174.
[2] 5 Am Jur 2d, Appeal and Error §§ 702, 783, 839.
[3] 38 Am Jur, Negligence §§ 332, 335, 336.
[4] 38 Am Jur, Negligence §§ 85–91.
[5] 38 Am Jur, Negligence §§ 67, 72.
[6] 38 Am Jur, Negligence §§ 67, 72; 24 Am Jur, Gas Companies §§ 21. 22. 24. 25. 38, 41, 43.

4. Negligence—Dangerous Agencies.

    A higher degree of care is required in dealing with a dangerous agency than in the ordinary affairs of life or business, which involve little or no risk, and, since no absolute standard can be fixed by law, every reasonable precaution suggested by experience and the known danger ought to be taken.

5. Same—Intervening Act—Continuance of Prior Negligence.

    An act of negligence which is a substantial factor in bringing about an injury does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act.

6. Gas—Explosion—Negligence—Intervening Act—Proximate Cause.

    Negligence of defendant gas company in neither shutting off gas entirely nor equipping water heater with a temperature and pressure relief valve in accord with its practice in the community at the time, did not cease to be a proximate cause of the ensuing explosion after employee of restaurant owner forgot to turn off the heater, hence was properly found liable for damages to adjoining building due to explosion.

Appeals from Isabella; Holbrook (Donald E.), J. Submitted Division 3 March 9, 1966, at Grand Rapids. (Docket Nos. 353, 617.) Decided July 26, 1966.

Declaration by St. Paul Fire and Marine Insurance Company, a foreign corporation, assignee of Paul Pishos, against Michigan Consolidated Gas Company, a Michigan corporation, and Rex Fair, for damages resulting from explosion of a hot water heater in restaurant owned by Paul Pishos. Judgment for defendants. Plaintiff appeals.

Declaration by New York Underwriters Insurance Company, a foreign corporation, Auto Owners Insurance Company, a Michigan corporation, Great

American Insurance Company, a foreign corporation, Home Insurance Company, a foreign corporation, American States Insurance Company, a foreign corporation, and National Fire Insurance Company of Hartford, a foreign corporation, assignees of Household Appliance Inc., and Harris Sample Furniture Company, against same defendants for damages to their businesses from the same explosion. Judgment for plaintiffs. Defendant Michigan Consolidated Gas Company appeals. Cases consolidated for trial and appeal. Affirmed.

*Edward N. Lynch* and *Byron P. Gallagher,* for plaintiffs.

*A. D. Ruegsegger* and *Dyer, Meek, Ruegsegger & Bullard,* for defendants.

Burns, J. These cases were consolidated for trial and for this appeal. While there were two defendants in the original cases, Michigan Consolidated Gas Company, hereinafter referred to as Gas Company, is the only defendant that has appealed.

In case No 353, St. Paul Fire & Marine Insurance Company, hereinafter referred to as St. Paul, is the assignee of Paul Pishos, the owner and operator of Paul's Famous Restaurant in Mt. Pleasant, Michigan. The trial judge, sitting without a jury, rendered a judgment of no cause of action, as he found Pishos, the plaintiff's assignor, guilty of contributory negligence.

New York Underwriters Insurance Company and the related plaintiffs in the companion case, are assignees of the Household Appliance, Inc., and the Harris Sample Furniture Company, who sustained losses as the result of an explosion in Paul's Famous Restaurant, next door to Household Appliance, Inc.

and Harris Sample Furniture Company. The trial judge entered a judgment for plaintiffs in case No 617 for their respective damages.

The facts found by the trial judge indicate that Paul Pishos started in business in 1948 and at that time purchased a Pittsburg gas water heater with an automatic control. He did not purchase this heater from the Gas Company.

On January 9, 1958, Pishos called the Gas Company because the gas did not shut off and the water became excessively hot. The Gas Company sent Rex Fair to service the heater and he found a defective thermostat which would not shut off the gas when the water reached the proper temperature. He took the thermostat to his shop and attempted to repair it, but it was beyond repair. Fair told Pishos that the thermostat could not be repaired and suggested a new water heater. Pishos replied he could not afford a new one but needed hot water. Fair informed him it could be operated manually, but it would be *risky business* and would have to be turned off every night or someone might get burned. Fair was supposed to order a new thermostat and install it. It was not possible to replace the thermostat as shown by Exhibit A–1, which was a letter to the Gas Company from a supplier and read as follows:

"January 27, 1958
Michigan Consolidated Gas Company
1205 S. Mission
Mount Pleasant, Michigan
*Gentlemen:*

We are returning order #5–13689 directed to Pittsburg Water Heater Company because controls as used on this heater are no longer available through the manufacturer.

We received this order because when Pittsburg Water Heater Company discontinued manufactur-

ing water heaters, we arranged to handle replacement parts for their heaters.

We have been recommending using late type 100% shut off controls as replacement. This type you can no doubt purchase locally.

Very truly yours,
E. A. BIBEY COMPANY
N. A. CAPO"

The record indicates that at no time did anyone from the Gas Company repair said water heater by installing said control.

On at least two occasions Tom Pishos, the son of Paul, forgot to turn off the hot water heater when he closed the restaurant at night.

About 3 o'clock in the morning on February 19, 1958, the water heater in question exploded. A large hole was blown out of the common wall for Paul's Famous Restaurant building and the building immediately to the east, the Household Appliance, Inc., and the Harris Sample Furniture building. This wall was approximately 14 to 16 inches thick. The jacket of the water heater went up through the roof and was found between 800 and 900 feet away. The seat of the water heater went through the floor and was imbedded into the earth approximately 3 feet. The restaurant was a shambles and there was considerable damage done to the adjacent buildings and property.

The trial court said:

"The court is convinced that the cause of this explosion and damage to both plaintiffs in their respective suits, was the overheating of the hot water tank, without proper safety equipment being installed, which defendants were charged with performing when they were called to inspect and repair the hot water heater. Now, it is true that Mr. Pishos asked to operate the hot water heater because he needed the water and he was told that he might

do it, but he was not told if he failed to turn off the hot water heater at night that he would be apt to have an explosion that might injure or kill someone. He was told that it was dangerous to operate it, and the reason why it would be dangerous, because someone might get scalded or the building might have considerable hot water and steam in it as a result of the overheating. This the court does not feel is a proper warning of the results that might ensue, but it certainly was a warning of a known danger. Mr. Pishos agreed that he would turn it off each night and operate it manually. Now, the court fully believes that he meant to do this, but that one of his employees inadvertently forgot to turn it off on the night in question.

"So, as the court sees it there was a dangerous instrument being allowed to be operated under conditions which were not safe by reason of the negligence of the defendant, and failure to make proper repair, or to forbid the use of that instrument under the conditions. The hot water heater should have been equipped at least with a temperature and pressure relief valve in accord with the practice of the defendant in the community at the time, or to have shut off the gas for the use of the hot water heater in the absence thereof. This the defendant did not do, nor did not require. It was charged to make a proper repair or forbid the use of the gas. It did neither.

"The court finds that the negligence of the defendants was a proximate cause of the explosion and the resulting damage to both properties involved in these two suits. * * *

"Contributory negligence in Michigan is that negligence which contributes to cause the injury. It is the lack of ordinary care. The court feels that when a person is warned that it is dangerous to do something, or fail to do something, and that it is understood, that the failure to perform even though inadvertent and not intentional, as the court is fully convinced is the situation in this case, still

nonetheless he would be guilty of contributory negligence and therefore his assignee could not recover, that is the St. Paul Fire & Marine Insurance Company, a foreign corporation, in case No 3923."

In the case of St. Paul Insurance, assignee of Pishos, St. Paul claims the trial court erred in finding Pishos contributorily negligent, in that the warning issued by the Gas Company was not sufficient to put Pishos on notice of the danger of an explosion.

The evidence shows that Pishos was warned that the continued use of the water heater operated manually was risky business; that the control had to be turned off every night and the failure to do so could cause someone serious injury. True, he was not told that the tank might explode but he was warned that it was dangerous. The trial court found that he was guilty of contributory negligence. As stated in the case of *Kelly* v. *Michigan Consolidated Gas Company* (1961), 362 Mich 251, 256:

"This is a nonjury law case. This Court has repeatedly stated it will not reverse the judgment of the lower court unless the evidence clearly preponderates against the factual findings of the trial court. *Attwood Brass Works* v. *Aero-Motive Manfg. Co.* (1960), 361 Mich 236; *Harden* v. *Widovich* (1960), 359 Mich 566. Here plaintiffs had the burden of proof to establish negligence on defendant's part which was the proximate cause of the damage. The lower court expressly found they failed to meet this burden.

"On examination of the entire record we cannot say such finding was against the clear preponderance of the evidence. The lower court's judgment is affirmed."

We must reiterate what the Court said in the above case. We cannot say the findings of the trial

court were clearly against the preponderance of the evidence.

In the case of St. Paul Fire & Marine Insurance Company *v.* Michigan Consolidated Gas Company and Rex Fair, the judgment of the trial court is affirmed. Costs to the appellees.

In New York Underwriters Insurance Company *v.* Michigan Consolidated Gas Company and Rex Fair, the appellant contended that the trial court erred in finding: (1) that the defendant was negligent, and the basis for its contention is that such finding was against the preponderance of the evidence and (2) that the contributory negligence of Pishos was not an intervening cause of the explosion which insulated the Gas Company from liability. The proofs at the trial established the dangerous propensities of defective safety equipment upon such heaters. This information and knowledge was generally known to the business and should have been known to the defendant Gas Company. Mr. Justice Reid in the case of *Young* v. *Lee* (1944), 310 Mich 42, on p 47, quoted from *Fredericks* v. *Atlantic Refining Co.*, 282 Pa 8, 13 (127 A 615, 38 ALR 666) as follows:

" 'Negligence is absence or want of care under the circumstances. A higher degree of care is required in dealing with a dangerous agency than in the ordinary affairs of life or business, which involve little or no risk. No absolute standard can be fixed by law, but every reasonable precaution suggested by experience and the known danger ought to be taken.' "

The trial court found the water heater should have been equipped with a temperature and pressure relief valve in accord with the practice of the defendant in the community at the time, or defendant should have shut off the gas to the water heater.

The defendant did neither and was charged to make a proper repair or forbid the use of the gas.

We cannot say that the trial judge erred in his findings, and we do not reverse a trial judge unless the evidence clearly preponderates in the opposite direction.

As to the appellant's claim that the intervening negligence of Paul Pishos absolves it from liability, the trial court found the appellant should have realized that Pishos or one of his employees might forget and fail to turn off the heater.

As stated in *Comstock* v. *General Motors Corp.* (1959), 358 Mich 163, 180:

"Wentworth did not deliberately determine to drive a car with no brakes. He forgot."

In this case Paul Pishos forgot.

The *Comstock Case, supra,* stated on p 179, quoting from *Parks* v. *Starks* (1955), 342 Mich 443, 447, which in turn quoted from *Solomon* v. *Continental Baking Co.,* 172 Miss 388, 393 (160 So 732):

" 'Where an act of negligence is a substantial factor in bringing about an injury, it does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act.' "

The negligent acts of the appellant Gas Company did not cease to be a proximate cause of the explosion and it cannot escape liability by attempting to invoke a pseudo doctrine of last clear chance.

The judgments of the trial court in each case are affirmed. Costs to appellees.

FITZGERALD, P. J., and J. H. GILLIS, J., concurred.