WAMSER *v.* N. J. WESTRA & SONS, INC.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVI-
DENCE.

> Facts are taken in the light most favorable to plaintiff on re-
> view of a trial court's order granting defendant's motion
> for judgment notwithstanding the verdict.

2. TRIAL—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT—EVI-
DENCE.

> It is not within the province of a trial judge to grant a motion
> for judgment notwithstanding the verdict as long as there
> is competent evidence on which the jury's verdict may rest.

3. NEGLIGENCE—DEFINITION.

> Negligence is conduct that fails to measure up to an acceptable
> standard.

4. SAME—STANDARD OF CONDUCT—QUESTION FOR JURY.

> The standard of conduct used in determining whether or not
> a person is guilty of negligence is that of a reasonably prudent
> man acting in the same or similar circumstances, and whether
> or not the standard is attained is a jury question; the case
> may be taken from the jury only under extreme circumstances
> where reasonable minds could not differ upon the facts, or
> the inferences to be drawn therefrom.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 30A Am Jur, Judgments §§ 297, 300.
[3] 38 Am Jur, Negligence § 2.
[4] 38 Am Jur, Negligence §§ 29, 30, 344–346.
[5] 38 Am Jur, Negligence §§ 14, 23, 27–30, 92, 94, 116, 141,
[6] 38 Am Jur, Negligence §§ 58, 59, 67, 70.
[7] 38 Am Jur, Negligence §§ 344–347, 351,

5. SAME—ATTACHMENT OF ANGLE IRON TO MASONRY WALL—FORE-SEEABILITY—EVIDENCE.

> Evidence that attachment of angle iron to masonry wall in new construction had been made in a negligent manner so that it could be easily detached and was caused to fall upon plaintiff, an employee of a subcontractor, by action of one of the defendant contractor's employees and plaintiff's foreman as latter 2 persons were removing plywood coverings of two 3' x 12' openings beneath the angle iron *held*, sufficient to support verdict for plaintiff for personal injuries sustained, both as to original negligence and foreseeability that iron might be loosened by others than those who had installed it.

6. SAME—INTERVENING ACT.

> Generally, the effect of an intervening negligent act is tested by determining whether or not it was such as might reasonably have been foreseen as a consequence of the claimed negligence of the original actor.

7. SAME—PROXIMATE CAUSE—FORESEEABILITY—QUESTION FOR JURY.

> Difference on how reasonable men would act in determining such issues as negligence, proximate cause, and foreseeability presents an issue for determination by jury.

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 June 6, 1967, at Grand Rapids. (Docket No. 2,177.) Decided December 6, 1967.

Complaint by Keith R. Wamser against N. J. Westra & Sons, Inc., a Michigan corporation, for damages for injuries sustained as a result of defendant's negligence. Defendant's motion for judgment *non obstante veredicto* granted. Plaintiff appeals. Reversed and remanded for entry of judgment on the jury verdict.

*Marcus, McCrosky, Libner, Reamon, Williams & Dilley,* for plaintiff.

*Allaben, Massie, Vander Weyden & Timmer,* for defendant.

BURNS, J.    Plaintiff, an employee of Fenestra, Inc., was injured on a construction project at the Grand Rapids public museum when an angle iron weighing some 50 pounds fell from above and struck him.    An employee of defendant, the general contractor, mounted the angle iron on the side of a building approximately 9-1/2 feet above an elevated passageway which Fenestra, Inc., as subcontractor, had agreed to enclose in a metal curtain wall.    Plaintiff brought suit alleging negligence on the part of defendant and seeking to recover damages for injuries sustained as a result of defendant's negligence.

The trial court reserved decision on defendant's motion for directed verdict under GCR 1963, 515.2. The jury returned a verdict for plaintiff, but the trial judge granted defendant's motion for a judgment notwithstanding the verdict.    The trial judge reasoned that plaintiff failed to meet his burden of proving negligence on the part of defendant.    He further reasoned that even assuming negligence by the defendant, the plaintiff had failed to show proximate cause.

Plaintiff raises the following issues:

"1. Considering all of the evidence in the light most favorable to plaintiff, were there any proofs on the basis of which the jury could have properly found defendant guilty of negligence?

"2. Considering all of the evidence in the light most favorable to plaintiff, were there any proofs on the basis of which the jury could have properly concluded that such negligence was a proximate cause of plaintiff's injury?"

It is well settled law that in reviewing a judgment notwithstanding the verdict the facts must be taken in the light most favorable to the party opposing the motion.    *Kroll* v. *Katz* (1965), 374 Mich 364,

369, citing *Tacie* v. *White Motor Co.* (1962), 368 Mich 521, 527.

The following rendition of the facts is set out in the light most favorable to the plaintiff. On the day of the injury plaintiff's foreman, one Klenk, instructed him to remove some sand from the base of a temporary plywood enclosure over the entrance of the elevated passageway between the old museum building and the new annex. While plaintiff was so engaged, other employees of Fenestra were attempting to remove the temporary plywood enclosure.

The deck of the elevated passageway led to 2 openings in the wall, each 3 feet wide and 12 feet high separated by a pilaster 2 feet wide. Two pieces of 4-by-8-foot, 1/4-inch plywood were nailed over each opening with masonry nails. The top piece of plywood on each opening overlapped the bottom piece and was secured to it with double-headed nails. An angle iron 1/4 inch in thickness and about 10 feet long, to be used to help support the roof of the passageway, was mounted horizontally against the 2 top pieces of plywood approximately 9-1/2 feet above the elevated passageway deck. This angle iron was fastened to the masonry wall by means of a 1/2-inch lag bolt in a 3/4-inch expansion shield. A wooden cleat was nailed under each end of the angle iron in order to prevent rotation.

Carlson, another employee of Fenestra, and Klenk removed the lower panel of plywood over one of the openings with no difficulty by manually pulling it over the heads of the masonry nails. The lower panel over the other opening was more difficult to remove. Carlson kicked the panel from the inside, and then both he and Klenk pulled on it in order to loosen it. At this point the angle iron fell and

struck plaintiff and knocked him off the elevated deck to the ground.

The law relating to the first issue is well stated in *McKinney* v. *Yelavich* (1958), 352 Mich 687, 691, 692:

"All will agree, of course, that negligence is conduct that fails to measure up to an acceptable standard. The standard now employed by the law is that of a reasonably prudent man acting under the same or similar circumstances. Whether or not the standard has been attained is, normally, a jury question. Only under the most extreme circumstances, those, in fact, where reasonable minds could not differ upon the facts, or the inferences to be drawn therefrom, can the case be taken from the jury. If honest differences of opinion between men of average intelligence might exist, the issue should not be resolved by the court alone."

The following question presented by the plaintiff in *Kroll* v. *Katz, supra,* p 368, was held to be the determinative test in that case and is applicable to the case at hand.

" 'Considering the evidence in the light most favorable to the plaintiff, is there any evidence of negligence to support the unanimous verdict of the jury?' "

See, also, *Cole* v. *Barber* (1958), 353 Mich 427, 430.

If any competent evidence of negligence and proximate cause can be found on this record when the facts are viewed most favorably to the plaintiff, the trial court's judgment notwithstanding the verdict must be reversed.

We have no difficulty in finding some evidence in support of the verdict on this record. There was expert testimony that the lag bolt and shield used,

when properly secured in a masonry wall, would normally hold a load of about 1,500 pounds. Several qualified witnesses testified that such a lag bolt and shield must be forcibly tapped into a masonry wall with a hammer if the hole is drilled the proper size as recommended on the shield. Defendant's employee testified that the bolt and shield were installed by simply inserting them with his fingers. Klenk testified that the hole after the accident was about 1/8 inch larger than the shield even when it was fully expanded by screwing the lag bolt all the way into the shield. Both he and Carlson testified that the fully expanded shield could be easily slipped in and out of the hole by hand after the accident. All of these facts were testified to by competent witnesses and constitute evidence that the hole was drilled too large in the first place or, perhaps, in view of the brittle qualities of masonry, the hole was of irregular shape or drilled in an unworkmanlike manner, all of which is *some* evidence of negligence.

It also would have been proper for the jury to consider that defendant negligently failed to remove the plywood enclosure. If there was, in fact, an agreement, such as defendant claims, that it would remove the plywood when the subcontractor was ready, the question remains why defendant failed to do so.

There was a great deal of expert testimony that in construction work it is not unusual for iron workers to remove temporary wood structures to perform a subcontract, and that tearing down insubstantial wood structures to get on with the job is not a specialized function to be performed only by carpenters. The fact that defendant's carpenter put up the enclosure and was familiar with how the angle iron was secured, coupled with the fact that the defendant general contractor had control

of the premises, tends to establish, even apart from any express contract, defendant's duty to remove the enclosure to permit performance by the subcontractor. Failure to do so cannot be explained away by lack of notice, when, by virtue of the presence of its employees, defendant had actual knowledge of Fenestra's readiness to begin work. We are unable to agree that the jury verdict was without *any* supporting evidence of negligence.

We reach the same conclusion regarding plaintiff's second issue; there is sufficient evidence showing that the negligence was the proximate cause of the injuries sustained in spite of the intervening force applied against the bottom plywood panel by Fenestra's employees when they were removing it. Even assuming that the force applied by Klenk and Carlson was excessive, their conduct does not necessarily mean that the original negligence of defendant ceased to be a proximate cause.

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted." 2 Restatement, Torts, § 447, quoted with approval in *Comstock* v. *General Motors Corp.* (1959), 358 Mich 163, 179.

Several witnesses testified to the effect that under the circumstances it was not unusual for the Fenestra crew to remove the plywood as they did. Only the bottom panels had to be removed in order for

Fenestra to commence performance of its subcontract. If it had been necessary to remove the top panels also, it might have seemed highly extraordinary to a reasonable man that the Fenestra crew would not first remove the angle iron by unscrewing the lag bolt. Since only the bottom panels had to be removed at that time in order for Fenestra to commence work, the jury could properly find that a reasonable man would not find the acts of the Fenestra crew highly extraordinary.

The jury could properly consider that heavy construction is usually done by men who are accustomed to using forceful methods in their work and who are often working under time pressure. From this the jury could conclude that defendant should have realized, if it did not order one of its employees to remove the plywood when the Fenestra crew arrived, they might choose to pull off the lower panels themselves. If the hole had been drilled too large, and we have held that the jury could have properly so found, defendant should have foreseen that the slightest disturbance could bring the angle iron down to someone's injury.

Very often men differ on how a reasonable man would act in determining such issues as negligence, proximate cause and foreseeability. This is one of those cases. The jury is the most appropriate institution known in our legal system to answer the difficult and essentially factual question of how a reasonable man would act under the circumstances. The jury in this case reached its unanimous verdict based upon competent evidence. That verdict should have been permitted to stand.

Reversed and remanded for entry of judgment on the jury verdict, with costs to appellant.

Holbrook, P. J., and Wise, J., concurred.