DUCHENE *v.* STEELCRETE COMPANY

1. NEGLIGENCE—INTERVENING CAUSE—FORESEEABILITY.

> One whose conduct under the circumstances is reasonable and who could not reasonably foresee any damage or injury under the circumstances is relieved of liability for damages for negligence; however, one who fails to guard against harm that he should have foreseen is liable if damages result from his failure.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur, Negligence §§ 24, 58, 70.
[3] 38 Am Jur, Negligence § 20.

2. NEGLIGENCE—INTERVENING NEGLIGENCE—FORESEEABILITY.

An intervening act of a third person, negligent in itself or done in a negligent manner, is not a superseding cause of the harm which the defendant's negligent conduct was a substantial factor in bringing about if (1) the defendant, at the time of his negligent conduct, should have realized that a third party might act as the third party did act or (2) a reasonable man, knowing the situation existing when the act of the third person was done, would not regard it as highly extraordinary that the third party acted as he did.

3. NEGLIGENCE—SWIMMING POOL.

The defendant was culpably negligent in taking three days to check a pump that drained the plaintiffs' swimming pool completely, allowing it to be damaged by hydrostatic pressure of ground water which caused it to float, where the plaintiffs notified the defendant that the pump had fallen into the pool and the defendant had promised to come out and complete work on the pool.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 April 13, 1970, at Detroit. (Docket No. 7,162.) Decided September 29, 1970.

Complaint by Donald DuChene and Doris DuChene against Steelcrete Company for damages resulting from negligent repair of their swimming pool. Judgment for plaintiffs. Defendant appeals. Affirmed.

*David L. Roll,* for plaintiffs.

*Richard G. Ward,* for defendant.

Before: T. M BURNS, P. J., and LEVIN and DAVIDSON,* JJ.

T. M. BURNS, P. J. In this cause, the plaintiffs claim damages and charge negligence on the part

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the defendants because of the floatation of their swimming pool caused by hydrostatic ground pressure which built up beneath the pool when a pump placed in the pool by an employee of defendant drained all the water out of it.

We remanded this cause to the trial court on April 21, 1970, for fact finding by the trial judge to facilitate our disposition of it. Upon remand the trial court made the following findings of fact:

"1. Defendant Steelcrete Company and its president had many years of experience in servicing swimming pools and had facilities available to deal therewith.

"2. Defendant's employee, Charles Brady, made statements to the plaintiffs indicating that either part or all of the water might be drained out of the swimming pool.

"3. Both the plaintiffs and defendant knew of the hazards of a so-called 'floating swimming pool'.

"4. However, because of the skilled and expert services of the defendant, which the plaintiffs had employed, plaintiffs were entitled to rely upon and follow instructions concerning the repair work undertaken.

"5. They, the plaintiffs, did so rely.

"6. Plaintiffs knew of the safety measure of removing the hydrostatic plug from the base of the pool but did not do so, because they relied upon the undertaking of the defendant to attend to repair work in question.

"7. Plaintiffs had a right to so rely once the repair work was undertaken and begun by defendant.

"8. Mr. Brady, employee of the defendant Steelcrete Company, fastened a pump in the swimming pool at a level to reduce its depth in such a secure manner as was appropriate from a professional standpoint.

"9. However, by means unknown the pump became insecure, fell into the pool, and drained all of the water out of the pool.

"10. Following this, plaintiffs, at least once on three successive days following, phoned the defendant advising it of the situation and asking for a prompt return to complete the servicing work.

"11. Plaintiffs were advised by an agent or employee of the company by telephone from their place of business that the defendant would return and attend to the empty pool.

"12. Plaintiffs relied thereon.

"13. Defendant did not do so. Defendant delayed for an unreasonable period of time by which time, finally, on the last date the pool began to float.

"14. The defendant Steelcrete Company was negligent in not returning to adequately supervising and completing its work.

"15. The plaintiffs were not guilty of contributory negligence."

After a careful review of the record, we cannot say that the trial court's findings of fact are clearly erroneous. GCR 1963, 517.1.

The plaintiff, Doris DuChene, testified that the employee of the defendant told her that he was going to drain the pool and that he would return the next day to check the situation. Another witness indicated that the same employee assured the plaintiffs that there would be no danger. Both plaintiffs testified that they called the defendant company about the empty pool and that they expected someone to look after the matter within a reasonable time.

Defendant contends that even if the failure to inspect constituted negligence, it was not the proximate cause of the damage, as an intervening act of the third party was the independent cause of the injury. Defendant asserts that this intervening act

could not have been foreseen and that, therefore, it should be relieved of any liability.

In connection with this, the court found:

"One was the proximate cause of some intervening agency changing the location of the pump and the other concurrent cause was the failure of the duty of the defendants in this cause to check back within a reasonable time."

Defendant contends that the failure to inspect did not constitute the proximate cause of the damage, that, in fact, the intervening act of lowering the pump was the cause of the injury, and that it was not foreseeable, and that the defendant should be released from any liability.

If the conduct of the defendant was reasonable under the circumstances and if he could not reasonably foresee any damage or injury under the circumstances, he would in fact be relieved of liability. But a defendant can be held liable for a failure on his part to guard against harm that he should foresee, if, as a result of his failure, damage does occur.

The court found that the defendant was negligent in failing to inspect an operating water pump for a three-day period. The court also found that the intervening third party did not relieve the defendant of liability for his negligence. It is suggested by the lower court that the defendant should have anticipated that what happened might have happened.

The question has been examined in recent decisions of the Courts of this State:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted". 2 Restatement Torts, 2d, § 447, p 478, quoted with approval in *Comstock* v. *General Motors Corp.* (1959), 358 Mich 163, 179; *St. Paul Fire & Marine Insurance Co.* v. *Michigan Consolidated Gas Co.* (1966), 4 Mich App 56; *Wamser* v. *N. J. Westra & Sons, Inc.* (1967), 9 Mich App 89.

If a defendant unreasonably fails to guard against harm which he should foresee, he can be held liable.

We do not, however, base our decision upon this duty to foresee the acts of an unknown third party. We rely instead upon the trial court's findings of fact numbered 10 through 15.

The trial court found as a matter of fact that plaintiffs notified the defendant by phone of what had occurred and that the defendant promised to come out. Given this notice and promise, we agree that the defendant was culpably negligent in not responding to the calls.

We find that there is sufficient and credible evidence to support the trial court's finding that plaintiffs were free from contributory negligence and that the three-day inspection delay was, under the circumstances, both imprudent and unreasonable. The determination that there was an actionable breach of duty resulting in both negligence and proximate cause, in the light of this record, is not clearly erroneous. GCR 1963, 517.1; *State Bank of Sandusky* v. *Boddy* (1969), 17 Mich App 466, 469.

Affirmed. Costs to plaintiffs.

All concurred.