ALD *v.* CUNNINGHAM

1. INNKEEPERS—NEGLIGENCE—SWIMMING POOL—STANDARD OF CARE.

The standard of care required of an innkeeper in operation of his swimming pool is whether his conduct was that of a reasonably prudent man acting under the same or similar circumstances and no geographic limitation, as in a malpractice action, should be imposed in determining that standard.

2. NEGLIGENCE—SWIMMING POOL—DROWNING—WITNESSES—EXPERT WITNESS—STANDARD OF CARE.

Exclusion, in an action for wrongful death by drowning in a swimming pool, of a water-safety expert's testimony regarding the national standard of care required for the proper operation of a swimming pool, on the ground that the standard is local, not national, was error.

3. INNKEEPERS — GUESTS — NEGLIGENCE — SWIMMING POOL — DUTY — QUESTION OF FACT.

Innkeepers have a duty to exercise reasonable care towards their business guests, and whether failure to provide a lifeguard or lifesaving equipment at an innkeeper's swimming pool constitutes a breach of duty is a question of fact for the jury.

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 November 6, 1970, at Lansing. (Docket No. 8,328.) Decided December 1, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 4 Am Jur 2d, Amusements and Exhibitions § 84.
40 Am Jur 2d, Hotels, Motels and Restaurants § 117.
Liability of private owner or operator of bathing resort or swimming pool for injury or death of patron. 48 ALR2d 104.
Liability of hotel, motel, summer resort, or private membership club or association operating swimming pool, for injury or death of guest or member, or of member's guest. 1 ALR3d 963.

Complaint by Harriette P. Ald, special administratrix of the estate of Gary G. Ald, deceased, against Melville S. Cunningham and Elva F. Cunningham, his wife, for damages for wrongful death. Verdict and judgment of no cause of action. Plaintiff appeals. Reversed and remanded.

*Neddelman & August,* for plaintiff.

*Allen, Allen & Shell,* for defendants.

Before: BRONSON, P. J., and FITZGERALD, and CHURCHILL,* JJ.

BRONSON, P. J. Plaintiff, wife of the decedent, brought suit under Michigan's wrongful death act to recover damages resulting from the death of her husband. The defendants are co-owners of a restaurant and motel in St. Clair, Michigan. The decedent drowned in defendants' swimming pool while he and his family were guests at the defendants' motel. Plaintiff's suit was based upon the theory that defendants had a duty to provide supervision of the swimming area used by the paying guests of the motel. It is an uncontroverted fact that on the date of the decedent's demise, defendants had neither a lifeguard supervising the motel pool, nor lifesaving equipment in the vicinity of the pool. The record further reveals that defendants had never employed a lifeguard to supervise the use of the motel pool. Following a trial before a jury, a verdict of no cause of action was rendered against the plaintiff.

On appeal, plaintiff contends that the trial judge erred by refusing to allow plaintiff's expert witness to testify as to the standard of care required for the

* Circuit judge, sitting on the Court of Appeals by assignment.

proper operation of a swimming pool. Additionally, plaintiff contends that the trial court's rejection of plaintiff's requested instruction regarding the duty of defendants to provide supervision of their swimming pool by a lifeguard constituted reversible error.

At trial, the judge refused to allow testimony by the plaintiff's witness as to the standards of water safety throughout the State of Michigan and the United States as set forth by the American Red Cross and the YMCA. The witness, Carl G. Lindgren, assistant recreation supervisor in swimming for the Detroit Department of Parks and Recreation, was properly qualified by the plaintiff as an expert in this area. The trial court ruled that Mr. Lindgren would not be allowed to testify as to a national standard of care, because the standard, as the trial judge perceived it, was to be determined on the basis of what people in the same or similar circumstances in St. Clair County were doing. The trial judge did, however, allow the defendants to bring in a witness, the owner of the other motel in St. Clair that had a swimming pool, who testified that he did not have a lifeguard at the pool. The trial judge stated the following with respect to his ruling:

*"The Court:* Well, as I view this entire problem here, I indicated to you gentlemen in chambers rather informally that it was my thought that the operation of motels with swimming pools in the City of Detroit, and this was the area in which he was familiar, would not be permissible here. In other words, it seems to me he would have to know— if he could testify that in communities of the size of Port Huron, where you have the same number of motels—in other words, you have the same general situation existing as far as number of motels and how they operate and so forth as far as the require-

ment of a guard or whether that was necessary—then I think it would be allowable, but where you have the violation of an ordinance or the violation of a state statute then, of course, the standards used under that statute and that ordinance cannot be used as the standard here.

"In other words, as I understand it, they permit you to testify to the customs, and the customs become the standard in a general way where there are no violations of statutes. It seems to me the reverse of that proposition is true. In other words, if this gentleman were familiar—in other words, you would have to have him testify that he knew of areas of this kind, where there were no ordinances involved, and if he knew the standard of care, he could testify, but if he doesn't, I don't know whether I should permit that kind of testimony in this case."

A standard of care based upon the same or similar circumstances in a particular locality is clearly not the test to be applied in this type of action. The standard of care provided by law is that of a reasonably prudent man acting under the same or similar circumstances. See *Wamser* v. *N. J. Westra & Sons* (1967), 9 Mich App 89. The plaintiff's suit was not based upon an action to recover for malpractice. There is no geographic limitation which should be imposed in determining the standard of care. The trial judge's determination to exclude the expert testimony on this ground was erroneous.

The plaintiff's second assignment of error relates to her requested instruction regarding the duty imposed upon the defendants in the operation of their swimming pool. Since the area previously discussed requires reversal, we do not deem it necessary to address ourselves to the requested instruction. We merely reiterate that the defendants have a duty to exercise reasonable care towards their business guests. As such, the issue of whether the defend-

ants' failure to provide a lifeguard or lifesaving equipment constituted a breach of that duty becomes a matter for the jury to determine. Upon remand, the trial judge should instruct the jury accordingly. See *Schweitzer* v. *Gilmore* (CA 2, 1958), 251 F2d 171.

Reversed and remanded.

All concurred.