## MELI v GENERAL MOTORS CORPORATION

1. EVIDENCE—SUFFICIENCY OF EVIDENCE—QUESTION OF LAW.
   The sufficiency of the evidence is a question of law for the trial court.

2. PRODUCTS   LIABILITY—AUTOMOBILES—EVIDENCE—SUFFICIENCY—
   DIRECTED VERDICT.
   Directed verdict for defendant automobile manufacturer is not proper in plaintiff's suit for damages allegedly caused by a

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1080 *et seq.*
[2–4] 8 Am Jur 2d, Automobiles and Highway Traffic § 646 *et seq.*

defective accelerator spring if, when viewing the evidence in the light most favorable to the plaintiff, the plaintiff has introduced evidence which tends to prove, either directly or by way of permissible inference, that a defect existed in the spring when it left the manufacturer and that the defect was the proximate cause of plaintiff's damages.

3. PRODUCTS LIABILITY—CAUSATION—EVIDENCE—SUFFICIENCY.

Evidence presented in a products liability case to prove a defect in manufacture which produces two equally plausible explanations of how the defect occurred renders the case unsubmissible to the jury, because their selection of one explanation would not be based on a reasonable inference, but would be based upon mere conjecture.

4. PRODUCTS LIABILITY—AUTOMOBILES—DEFECTIVE MANUFACTURE—EVIDENCE—SUFFICIENCY.

Evidence presented by the plaintiff in a products liability case against an automobile manufacturer to recover damages sustained when his automobile, which had over 28,000 miles, crashed because its accelerator spring was disconnected did not create a reasonable inference that the accelerator spring was or became disconnected because of a defect in manufacture where the plaintiff's expert witness stated that the spring was probably disconnected at the time of the accident, and no evidence was presented to show how the spring, an open part, became disconnected, whether from breakage or dislodgement, because the spring could have been disconnected during servicing or through any number of different ways as likely as by a defect in manufacture.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 December 14, 1971, at Detroit. (Docket No. 9582.) Decided January 17, 1972.

Complaint by Frank and Grace Meli and Susan Polizzi against General Motors Corporation for breach of warranty. Directed verdict for defendant. Plaintiffs appeal. Affirmed.

*Barbara & Wisok*, P. C., for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette A. Paskin*), for defendant.

Before: Holbrook, P. J., and T. M. Burns and Danhof, JJ.

T. M. Burns, J. This is an appeal from the judgment of a directed verdict of no cause for action in favor of defendant. The judgment was entered on April 10, 1970. Plaintiffs moved for a rehearing on the motion for a directed verdict on April 23, 1970, which was denied on May 8, 1970. Claim of appeal was filed on May 26, 1970.

Frank Meli got into his 1965 Oldsmobile on January 1, 1966. The motor was running, but the transmission was in "park". He put the car in gear; and as he stepped on the gas, the car leaped forward. The car continued forward even after his foot was removed from the accelerator, and the car jumped a ditch and hit a tree causing damage to the car and injuries to the plaintiff. Meli testified that the car had been serviced on a monthly basis by the dealer and that he had experienced no previous trouble with the accelerator. The auto had 28,733 miles on it at the time of the accident.

Roger DuMortier, an adjuster for AAA, the insurer of the automobile, was called as a witness. Mr. DuMortier testified that as a part of his adjustment of the damages claim on the car, he examined the automobile. His examination revealed that the accelerator was stuck to the floor and that the accelerator spring was knocked off rather than broken and that there was no evidence of mechanical failure.

Expert witness, Dr. Thomas Manos, was then called by the plaintiffs. Dr. Manos testified that he

had performed certain experiments upon a 1964 Oldsmobile which was similar to plaintiffs. The experiments involved the acceleration behavior of the automobile with a disconnected accelerator spring.

Dr. Manos was then asked whether he had an opinion as to what would cause an automobile to suddenly accelerate when a slight pressure was applied to the accelerator pedal and to continue forward when the accelerator pedal was released. Dr. Manos testified that, in his opinion, the hypothetical factual situation would indicate that either the accelerator spring was broken or disconnected.

Finally, Dr. Manos testified that he would not expect a properly manufactured spring to either break or become dislodged after 28,733 miles and that the spring should last the life of the car. However, when asked if he had an opinion whether the spring in plaintiffs' car was properly manufactured and installed, defense counsel objected. The objection was sustained. Dr. Manos did indicate that he could not tell whether the spring was broken or knocked off at the time of the accident, but only that the circumstances indicated that it was not connected.

On this appeal, plaintiffs present the following question:

*Did the trial court err in granting a directed verdict for defendant on the grounds that there was not sufficient evidence for the jury to find that there was a defect attributable to defendant manufacturer in a suit based on breach of implied warranty?*

Sufficiency of the evidence is a question for the trial court. *Evans* v *Hackard,* 29 Mich App 291, 294 (1970). However, plaintiffs first contend that the trial court, in directing the verdict in defendant's

favor, passed on the credibility of the expert witness, a function which can be performed only by the trier of fact, in this case the jury. However, our reading of the trial court's opinion reveals that he addressed himself to the sufficiency of the evidence only. Therefore, plaintiffs' contention that the trial court invaded the province of the jury by passing on credibility is without merit.

The trial court must, when deciding whether to grant a directed verdict, view the evidence in the light most favorable to the party opposing it.[1] Therefore, in the instant case, if plaintiffs introduced evidence which tended to prove, either directly or by way of permissible inference, that there was a defect in the accelerator spring when it left the manufacturer and that the defect was the proximate cause of plaintiffs' damages, then there is sufficient evidence to go to the jury.

Expert testimony established only that the spring was probably disconnected at the time of the incident. There was no evidence as to how the spring became disconnected. Therefore, a finding that the spring became disconnected because of a defect in the manufacture would have to rest on mere conjecture rather than on a required reasonable inference.

Reasonable inferences must be based on the evidence. However, if after all of the evidence is presented, there still exists two or more equally plausible explanations as to how the spring became disconnected, then the selection by the jury of one explanation would not be based upon a reasonable inference, but would be based upon mere conjecture.

" 'As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable

---

[1] *Cusumano* v *Stroh Brewery Co*, 26 Mich App 549 (1970).

inference. There may be 2 or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any 1 of them, they remain conjectures only. On the other hand, if there is evidence which points to any 1 theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.'" *City of Bessemer* v *Clowdus,* 261 Ala 388, 394; 74 So 2d 259, 263 (1954); quoted in *Kaminski* v *Grand Trunk W R Co,* 347 Mich 417, 422 (1956).[2]

In the instant case there was no evidence from which the trier of fact could properly deduce that the accelerator spring became disconnected as a result of a defect in the manufacture. We are dealing here with a part which is open and could have been disconnected while the car was being serviced or through any number of other ways, each as plausible as plaintiffs' contention that it was caused by a defect in the manufacture.

We are not confronted here with an enclosed part such as a brake mechanism or a fuel pump where it could logically be inferred that any defect was present when the automobile left the manufacturer. In cases where the defect is more or less in a "sealed package", it is more plausible to believe that the defect was caused by the manufacturer than to believe that the package was opened after sale, the defect caused independently, and then the package resealed. See *Pattinson* v *Coca-Cola Bottling Co of Port Huron,* 333 Mich 253 (1952); *Sharp* v *Chrysler Corp,* 432 SW 2d 131 (Tex Civ App, 1968).

Here, however, we are dealing with an exposed part. The engine had been serviced several times.

[2] See also *Parsonson* v *Construction Equipment Co,* 386 Mich 61, 76 (1971).

It is, therefore, just as likely that the spring was disconnected independently as it is that it was disconnected through some defect in the manufacture. Therefore, since there was no evidence to remove the plaintiffs' theory from the realm of conjecture, the trial court properly directed the verdict in defendant's favor.

Affirmed.

All concurred.