KUPKOWSKI v AVIS FORD, INC.

Opinion of the Court

1. Judgment—Notwithstanding the Verdict—Directed Verdict—Motions—Appeal and Error.

The Court of Appeals reviewing motions for directed verdict and judgment notwithstanding the verdict must view all the evidence and testimony adduced at trial in the light most favorable to the party against whom the motions were made; if, when so viewed, there is any evidence which was competent and sufficient to support the jury's determination, this determination should not be disturbed.

2. Automobiles—Products Liability—Judgment—Notwithstanding the Verdict—Directed Verdict—Motions—Evidence.

Denial of defendant's motions for directed verdict and judgment notwithstanding the verdict was error in an automobile products liability case where the plaintiff's testimony that he was unable to stop because his brake pedal would not depress was the sole evidence of brake failure, the defendant offered testimony of various witnesses, including plaintiff, that there had been no prior trouble with the automobile's brakes, and the investigating police officer testified that an inspection of plaintiff's automobile immediately after the accident revealed that the brakes worked properly and that it had left skid marks at the scene; the evidence was insufficient to support the jury verdict.

Dissent by T. M. Burns, J.

3. Automobiles—Products Liability—Defective Brakes—Evidence—Question for Jury—Directed Verdict.

*A reasonable person could logically infer that the brake mecha-*

References for Points in Headnotes
[1, 2] 46 Am Jur 2d, Judgments § 106 *et seq.*
    Practice and procedure with respect to motions for judgment notwithstanding or in default of verdict under Federal Civil Procedure Rule 50(b) or like state provisions, 69 ALR2d 449.
[2-4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 646-649.

nism on a plaintiff's automobile was defective and that such
defect existed when the vehicle left the defendant used car
dealer's control five weeks earlier in light of the fact that the
alleged defect occurred in a "closed" power braking system and
the plaintiff testified that the brake pedal would not depress
when he attempted to stop the automobile, and this question of
fact would be for the jury to determine; therefore, there was a
sufficient amount of evidence presented to warrant a denial of
defendant's motion for directed verdict.

4. AUTOMOBILES—PRODUCTS LIABILITY—EVIDENCE—JURY VERDICT—
PREPONDERANCE OF EVIDENCE.

A jury's verdict for a plaintiff in an automobile products liability
case was against the great weight of the evidence where the
plaintiff's testimony that he was unable to stop because his
brake pedal would not depress was the sole evidence of brake
failure, and where the investigating officer testified that an
inspection of plaintiff's automobile immediately after the acci-
dent revealed that the brakes were in good working order and
that skid marks were left by the auto at the scene of the
accident.

Appeal from Wayne, David C. Vokes, J. Submit-
ted Division 1 November 13, 1973, at Detroit.
(Docket No. 15364.) Decided March 4, 1974. Leave
to appeal applied for.

Complaint by Floyd E. Kupkowski and Jose-
phine Kupkowski against Avis Ford, Inc., for
breach of implied warranty and negligence. Judg-
ment for plaintiffs. Defendants appeal. Reversed
and remanded for entry of a directed verdict.

*Alan W. Kaback,* for plaintiffs.

*Dice, Sweeney & Sullivan, P. C.* (by *Altero J.
Alteri* and *Paul F. Ray),* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS
and VAN VALKENBURG,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

V. J. Brennan, P. J. This is a products liability case. Defendant appeals from a jury verdict for plaintiff on counts of implied warranty and negligence.[1]

Defendant contends it was error for the trial court to deny its motions for directed verdict and judgment notwithstanding the verdict. In reviewing these motions we must view all the evidence and testimony adduced at trial in the light most favorable to the plaintiff, the party against whom these motions were made. If, when so viewed, there is any evidence which was competent and sufficient to support the jury's determination, this determination should not be disturbed. *Wamser v NJ Westra & Sons, Inc,* 9 Mich App 89; 155 NW2d 871 (1967); *Taft v JL Hudson Co,* 37 Mich App 692; 195 NW2d 296 (1972).

Five weeks after plaintiff purchased a used car from defendant, he ran a red light and collided with another automobile. Plaintiff testified that he was unable to stop because his brake pedal would not depress. This testimony is the sole evidence of brake failure. Defendant offered testimony of various witnesses, including plaintiff, that there had been no prior trouble with the automobile's brakes. Indeed, the investigating police officer testified that an inspection of plaintiff's automobile immediately after the accident revealed that the brakes worked properly and that it had left skid marks at the scene.

We conclude that the evidence was insufficient to support the jury verdict. Therefore, it was error to deny defendant's motions for directed verdict and judgment notwithstanding the verdict.

---

[1] The jury also returned a verdict for plaintiff on a separate count of misrepresentation of mileage. There was ample evidence to support that verdict, and it is not a subject of this appeal.

Reversed and remanded for the entry of a directed verdict.

VAN VALKENBURG, J., concurred.

T. M. BURNS, J. *(dissenting)*. I cannot subscribe to the result reached by the majority. In *Meli v General Motors Corp*, 37 Mich App 514; 195 NW2d 85 (1972), an accelerator spring on an automobile became disconnected and caused an accident. Although we affirmed the entry of a directed verdict for the defendant (the manufacturer) on the grounds that there was no evidence at all by which a jury could conclude that the spring became disconnected because of a defect in the spring mechanism, we noted that where an enclosed part such as a braking device failed, it could be reasonably concluded that the defect was caused by the manufacturer rather than by an independent cause. Here in light of the fact that the alleged defect occurred in a "closed" power braking system and the plaintiff testified that the brake pedal would not depress when he attempted to stop the auto, a reasonable person could logically infer that the brake mechanism was defective and that such defect existed when the vehicle left the defendant's control, and, of course, this question of fact would be for the jury to determine.

Therefore, it is my opinion that there was a sufficient amount of evidence presented to warrant the denial of defendant's motion for directed verdict. However, balancing the plaintiffs' testimony against the investigating officer's testimony that the brakes of defendant's vehicle were in good working order immediately after the accident and especially the officer's testimony as to the existence of skid marks left by the auto at the scene of the accident, I find the jury's verdict to be against

the great weight of the evidence. Consequently rather than reversing and remanding for the entry of a directed verdict as the majority has done, I would reverse and remand the case for a new trial.