CHAMBERS v GENERAL MOTORS CORPORATION

Docket No. 57860. Submitted August 17, 1982, at Detroit.—Decided
      November 23, 1982.

   Sally Chambers was seriously injured in an accident when she
      put the automatic transmission in her 1973 Pontiac LeMans in
      drive, the automobile unexpectedly surged forward out of her
      control and the automobile rammed into a tree. Sally Cham-
      bers and her husband, Robert E. Chambers, Jr., brought a
      products liability action in Wayne Circuit Court against Gen-
      eral Motors Corporation, manufacturer of the automobile, and
      Jim Causley Pontiac, Inc., seller of the automobile, alleging
      that the injury resulted from a defective accelerator and throt-
      tle linkage. There was no evidence of prior accelerator prob-
      lems during the plaintiffs' 16 months and 16,000 miles of use of
      the automobile. There was, however, evidence that the automo-
      bile had been involved in two prior minor accidents involving
      front-end damage and that the automobile had been taken to
      dealers other than Causley and to a local service station for
      repairs. Defendants moved for a directed verdict. Patrick J.
      Duggan, J., granted defendants' motion. Plaintiffs appeal by
      leave granted. *Held:*

      Plaintiffs failed to introduce sufficient evidence to establish
   that there was a defect attributable to the defendants and not
   attributable to some other equally plausible source. Since the
   accelerator and throttle linkage is not an enclosed system not
   accessible to sources of interference after the manufacture and
   sale of the automobile, no inference that the defect arose
   during the manufacture of the automobile arises. Since it is
   equally plausible that the defect in the accelerator and throttle
   linkage arose as a result of either the prior two accidents or by
   the servicing done by other persons making repairs, it would
   have been mere conjecture for the jury to determine that the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Negligence §§ 7, 9.
   63 Am Jur 2d, Products Liability §§ 32, 70, 99.
   75 Am Jur 2d, Trial §§ 474, 528.

defect was attributable to defendants. Under such circumstances, a directed verdict for defendants was proper.

Affirmed.

1. Products Liability — Directed Verdict — Evidence — Inferences.

A plaintiff in a products liability case, in order to withstand a directed verdict, need not establish the exact nature of the alleged defect but must show through direct or circumstantial evidence a reasonable probability that the defect is attributable to the manufacturer or seller; however, where the evidence establishes two or more equally plausible causes for the injury, a directed verdict for defendant is proper, since a determination of liability on the part of the manufacturer or seller would not be based upon a reasonable inference but would be based upon mere conjecture.

2. Products Liability — Directed Verdict — Evidence — Inferences.

An inference that a defect is attributable to the manufacturer is reasonable in an automobile products liability case where the alleged defect is in a part that is relatively inaccessible and is not generally required to be repaired and maintained; however, where the defect is in a part which is accessible to other sources of interference and there are equally plausible explanations for the defect other than that the defect is attributable to the manufacturer, a directed verdict for the manufacturer is proper since a finding of liability of the manufacturer would be based upon mere conjecture of the finder of fact.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Dennis M. Day* and *Ernest R. Bazzana*), for General Motors Corporation.

*Grier & Copeland, P.C.* (by *Bernice L. Grier*), for Jim Causley Pontiac, Inc.

Before: Bronson, P.J., and MacKenzie and K. N. Sanborn,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiffs appeal by leave granted from a directed verdict in this automobile products liability action.

The case arises out of an accident that occurred on June 20, 1974, while Sally Chambers was operating plaintiffs' 1973 Pontiac LeMans, purchased new on March 9, 1973. After Sally Chambers put the LeMans's automatic transmission in drive, the car unexpectedly surged forward out of her control and rammed into a tree. She sustained serious injuries.

Following plaintiffs' proofs, the trial court granted defendants' motion for directed verdicts on the basis that plaintiffs had failed to introduce evidence sufficient to establish that an injury-causing defect was attributable to the manufacturer or seller. We agree.

To withstand a directed verdict in a products liability action, plaintiffs need not establish the exact nature of the alleged defect but must show through direct or circumstantial evidence a reasonable probability that the defect is attributable to the manufacturer or seller. *Kupkowski v Avis Ford, Inc,* 395 Mich 155, 161; 235 NW2d 324 (1975); *Dayhuff v General Motors Corp,* 103 Mich App 177, 181; 303 NW2d 179 (1981), *lv den* 412 Mich 914 (1982). However, where the evidence establishes two or more equally plausible causes for the injury, the selection by the jury of one of the causes would not be based upon a reasonable inference but rather would be based upon mere conjecture. *Kaminski v Grand Trunk Western R Co,* 347 Mich 417, 422; 79 NW2d 899 (1956); *Schedlbauer v Chris-Craft Corp,* 381 Mich 217, 220; 160 NW2d 889 (1968). In such cases, directed verdicts are proper.

In reviewing directed verdicts rendered in auto-

mobile products liability cases, the courts have relied upon the following general principle. If the part alleged to be defective is relatively inaccessible and is not generally required to be repaired or maintained, it may be reasonable to infer that the defect is attributable to the manufacturer. *Holloway v General Motors Corp (On Rehearing),* 403 Mich 614, 624; 271 NW2d 777 (1978), *rev'g* 399 Mich 617; 250 NW2d 736 (1977); *Vanderberg v General Motors Corp,* 96 Mich App 683, 690; 293 NW2d 676 (1980). Conversely, where the part alleged to be defective is accessible to other sources of interference and, under the circumstances of the case, two or more equally plausible explanations of the defect are reasonable, then a finding of manufacturer liability would be based upon conjecture. *Meli v General Motors Corp,* 37 Mich App 514; 195 NW2d 85 (1972).

In this case, plaintiffs did not provide any evidence regarding the nature of the defect alleged. Plaintiffs' proofs did establish that the LeMans was involved in two prior minor accidents causing front-end damage. Plaintiffs took the LeMans to a Pontiac dealer other than defendant Jim Causley and to a local gas station for repairs. Furthermore, ten days prior to this accident plaintiffs took the car to a Lincoln-Mercury dealer for repairs. Plaintiffs did not introduce any evidence of accelerator system problems and, in fact, testified that they had 16 months and 16,000 miles of defect-free service.

In order to find manufacturer or seller liability, the jury would have had to find either that the alleged defect occurred in an enclosed system not accessible to other sources of interference or that the part was accessible but had not been interfered with during servicing by others. Such find-

ings would clearly be conjecture on the part of the jury since it is equally plausible that the repairs made by the Lincoln-Mercury dealer, or any other nonparty repairperson, resulted in some damage to the accelerator system, eventually causing the accident. Moreover, the jury could plausibly find that the two prior accidents caused some mechanism or part to jar loose or some process to begin which eventually caused the alleged defect. Therefore, plaintiffs failed to introduce evidence sufficient to establish that a defect was attributable to the defendants and not to some other equally plausible source.

Affirmed.