**VIGILANT INSURANCE COMPANY,**
**as subrogee of Scanlan Communications, Inc., Plaintiff–Appellant,**

v.

**CENTRAL TOWER, INC., and Nupla Corporation, Defendants–Appellees.**

**No. 01–1754.**

United States Court of Appeals, Sixth Circuit.

April 17, 2003.

Before DAUGHTREY and GIBBONS,

Circuit Judges, and MILLS,* District Judge.

PER CURIAM.

This diversity action arose out of a contract, pursuant to which defendant Central Tower, Inc., was engaged to construct a guyed television tower for Scanlan Communications, Inc. The contract was executed in March 1996, and Central completed construction in October 1996, using insulator rods that had been purchased from defendant Nupla Corporation. In February 1997, the top portion of the tower collapsed. Scanlan notified its insurer, plaintiff Vigilant Insurance Company, of the collapse, and Vigilant began an investigation to determine the cause of and assess the damage from the collapse. As part of this effort, Vigilant hired George Kiiskila, an engineer, to inspect the damage. Based on his examination of the tower and the insulator rods, Kiiskila determined that the collapse was due to the failure of an insulator rod. He could not, however, determine why the insulator rod failed, nor could he identify any manufacturing defects in the rod. Ultimately, Vigilant paid Scanlan $578,367.79 for the loss and became subrogated to Scanlan's rights.

Vigilant then brought suit against Central and Nupla for negligence, breach of contract, breach of express warranty, and breach of implied warranty. Central and Nupla moved for summary judgment on the basis that Vigilant could not establish a defect attributable to either defendant, an element necessary to each of Vigilant's claims. *See Kupkowski v. Avis Ford, Inc.,* 395 Mich. 155, 235 N.W.2d 324, 328 (1975). The district court determined that "any finding of a defect by a jury would have to be based upon mere speculation or conjecture, which is not permitted under Michigan law," and granted summary judgment to the defendants.

Vigilant now appeals from this decision. According to the plaintiff's argument, the circumstantial evidence, *i.e.,* the fact that the four-month-old tower collapsed, indicates a defect in the tower attributable to the defendants.

For the reasons articulated by Judge Quist in connection with his summary judgment order, we agree that Vigilant has failed to produce evidence of a defect sufficient to withstand a motion for summary judgment. Although Michigan courts allow a jury to infer the existence of a defect from circumstantial evidence, *see Snider v. Bob Thibodeau Ford, Inc.,* 42 Mich.App. 708, 202 N.W.2d 727, 730 (1972), a plaintiff's theory must move beyond the "realm of conjecture." *Meli v. General Motors Corp.,* 37 Mich.App. 514, 195 N.W.2d 85, 88 (1972). We conclude that the district court was correct in concluding that the record was insufficient to allow a jury to consider the meager circumstantial evidence in this case and, from it, find a defect attributable to the defendants that would establish liability under Michigan law.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judg-

---

* The Hon. Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

ment of the district court upon the reasoning set out by that court in its opinion dated May 1, 2001.