FIGUEROA v CITY OF GARDEN CITY

GILES v CITY OF GARDEN CITY

Docket Nos. 90745, 92126. Submitted October 13, 1987, at Detroit. Decided April 20, 1988.

Maria C. Figueroa and Alberto Figueroa brought an action in the Wayne Circuit Court against the City of Garden City seeking damages for injuries allegedly sustained by Maria Figueroa when she fell on a city sidewalk in front of the home of John and Rhonda Vorhoff. The city instituted a third-party complaint against the Vorhoffs seeking indemnification on the basis of a city ordinance which required property owners to keep the sidewalks adjacent to or abutting upon their land in good repair and made the land owner liable to the city for any damages recovered against the city as a result of a sidewalk being unsafe and out of repair. The trial court, Richard P. Hathaway, J., granted a motion for summary disposition by the Vorhoffs and entered a judgment dismissing the third-party claim against the Vorhoffs. The city appealed, Court of Appeals Docket No. 90745.

Shirley Giles and Raymond Giles also brought an action in the Wayne Circuit Court against the City of Garden City seeking damages for a slip and fall on a public sidewalk in front of the home of Chester Howell. The city instituted a third-party action against Howell seeking indemnification based on its city ordinance. The trial court, Kaye Tertzag, J., granted a motion for summary disposition by Howell and entered a judgment dismissing the third-party claim against Howell. The city appealed, Court of Appeals Docket No. 92126. The appeals were consolidated.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Highways, Streets and Bridges §§ 64 *et seq.*, 371 *et seq.*, 383 *et seq.*

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 193 *et seq.*

Am Jur 2d, States, Territories and Dependencies §§ 99 *et seq.*

Joinder as defendants, in tort action based on condition of sidewalk or highway, of municipal corporation and abutting property owner or occupant. 15 ALR2d 1293.

The ordinance involved here creates a public duty from which there can be no private right to recovery. Since the ordinance does not create a private right to recover against the landowner, the city is not entitled to indemnification. The city may not delegate to private landowners a duty which has been squarely posited on it by the Legislature, and, therefore, may not delegate the liability for breach of the duty.

Affirmed.

1. MUNICIPAL CORPORATIONS — ORDINANCES — SIDEWALKS — INDEMNIFICATION.

A city ordinance providing that all sidewalks shall be kept and maintained in good repair by the owner of the land adjacent to or abutting upon it and that such landowner shall be liable to the city for any damages recovered against the city as a result of a sidewalk being unsafe and out of repair creates a public duty from which there can be no private right to recovery against the landowner and the city is not entitled to indemnification thereunder for damages recovered against it as a result of a sidewalk being unsafe or out of repair.

2. MUNICIPAL CORPORATIONS — DELEGATION OF DUTIES.

A city is not permitted to delegate to private landowners a duty which has been squarely posited on it by the Legislature.

3. MUNICIPAL CORPORATIONS — SIDEWALKS — DELEGATION OF DUTIES — DELEGATION OF LIABILITY.

A city may not delegate the duty to maintain its sidewalks and cannot delegate the liability for a breach of the duty (MCL 691.1402; MSA 3.996[102]).

4. GOVERNMENTAL IMMUNITY — GOVERNMENTAL LIABILITY.

The Legislature, in enacting the governmental immunity act, intended to occupy the entire field of governmental liability (MCL 691.1401 et seq.; MSA 3.996[101] et seq.).

*Cummings, McClorey, Davis & Acho, P.C.* (by *Suzanne P. Walworth*), for the City of Garden City.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Pat M. Donofrio* and *John C. Brennan*), for John and Rhonda Vorhoff and Chester Howell.

Before: J. H. GILLIS, P.J., and GRIBBS and J. C. TIMMS,* JJ.

PER CURIAM. These consolidated cases both involve plaintiffs who fell and suffered injuries on allegedly defective sidewalks in the City of Garden City. Plaintiffs filed actions against the city. At the time the actions were filed, the city had enacted Garden City Ordinance 94.37, which provided:

> All sidewalks within the City shall be kept and maintained in good repair by the owner of the land adjacent to or abutting upon it. If an owner shall neglect to keep and maintain the sidewalk along the front, rear, or side of the land owned by him in good repair and safe for the use of the public, the owner shall be liable to the City for any damages recovered against the City sustained by any reason of such sidewalk being unsafe and out of repair.

Pursuant to this ordinance, the city instituted a third-party claim against third-party defendants Vorhoff and Howell, who are the owners of the properties abutting the public sidewalks where the plaintiffs were injured. In both cases, the third-party defendants moved for and were granted summary disposition pursuant to MCR 2.116(C)(10). In both cases, the circuit judges held that the city's ordinance contravened state law. The city appeals as of right. We affirm.

We believe that an ordinance such as the city's creates a public duty from which there can be no private right to recovery. In cases involving the failure of abutting landowners to keep their sidewalks clear as required under local ordinances, our courts have uniformly held that liability could not be posited. *Levendoski v Geisenhaver,* 375 Mich

---

* Circuit judge, sitting on the Court of Appeals by assignment.

225; 134 NW2d 228 (1965); *Taylor v Saxton,* 133 Mich App 302; 349 NW2d 165 (1984). In *Levendoski,* our Supreme Court, citing *Taylor v Lake Shore & M S R Co,* 45 Mich 74; 7 NW 728 (1881), stated:

> "An ordinance requiring all persons to keep their sidewalks free from ice imposes a purely public duty, and persons injured by slipping on the ice cannot bring private actions against the owners of the premises." [375 Mich 227.]

The Court noted that *Taylor* was in accord with the weight of American law. However, the Court left open the possibility that liability might properly be imposed if the ordinance in question directly provided for liability, as it stated:

> Since the duty here imposed upon a property owner [by the ordinance] is to the city which has the primary responsibility for the maintenance and control of its sidewalks as well as a liability to those injured by defective sidewalks, by virtue of CL 1948, § 242.1 (Stat Ann 1958 Rev § 9.591), in the absence of an express provision imposing liability on the property owner, there is none. [375 Mich 228.]

The city relies on this language to support its claim that its ordinance is valid, noting that the ordinance states that the owner shall be liable to the city for any damages recovered against the city as the result of a defective sidewalk.

We disagree with the city's argument. First, we note that the language is merely dictum. More recent cases involving ordinances requiring the removal of snow have stated that ordinances imposing "a duty upon landowners to clean sidewalks create no private liability." *Gillen v Martini,* 31 Mich App 685, 687; 188 NW2d 43 (1971); *Woodworth v Brenner,* 69 Mich App 277, 280; 244

NW2d 446 (1976). Similarly, we are of the view
that the city's ordinance in this case does not
create a private right to recover against the land-
owner and that, accordingly, the city is not enti-
tled to indemnification.

Second, we believe that the city is not permitted
to delegate a duty to private landowners which
has been squarely posited on it by the Legislature.
Since the city cannot delegate the duty to main-
tain its sidewalks, it cannot delegate the liability
for the breach of the duty.

MCL 691.1402; MSA 3.996(102) provides, in part:

> Each governmental agency having jurisdiction
> over any highway shall maintain the highway in
> reasonable repair so that it is reasonably safe and
> convenient for public travel. Any person sustain-
> ing bodily injury or damage to his property by
> reason of failure of any governmental agency to
> keep any highway under its jurisdiction in reason-
> able repair, and in condition reasonably safe and
> fit for travel, may recover the damages suffered by
> him from such governmental agency.

In *Davis v Chrysler Corp,* 151 Mich App 463,
469; 391 NW2d 376 (1986), this Court held that the
liability of municipalities under this statute ex-
tended to the municipalities' sidewalks.

We are of the view that the Legislature, in
enacting the governmental immunity act, MCL
691.1401 *et seq.*; MSA 3.996(101) *et seq.*, intended
to occupy the entire field of governmental liability.
Therefore, accordingly, we do not believe that the
city is permitted to delegate its duty or the liabil-
ity for any breach of its duty to the private land-
owner. *Granger Land Development Co v Clinton
Co Bd of Zoning Appeals,* 135 Mich App 154; 351
NW2d 908 (1984).

The orders of the circuit judges granting third-

party defendants' motions for summary disposition are affirmed.