BIVENS v CITY OF GRAND RAPIDS

Docket No. 124765. Submitted February 4, 1991, at Grand Rapids. Decided July 23, 1991, at 9:25 A.M. Leave to appeal sought.

Barbara Bivens, as next friend of Tara Bivens, a minor, brought a negligence action in the Kent Circuit Court against the City of Grand Rapids and the Kent Country Club, alleging failure to properly maintain a sidewalk where Tara sustained injury in a fall from a bicycle. The court, Donald A. Johnston, J., granted summary disposition for the club, determining that it owed no actionable duty. Thereafter, the city filed a third-party complaint against the club, seeking indemnification on the basis of a city ordinance requiring landowners to keep sidewalks abutting their land in good repair and making them liable to the city for any damages recovered against the city as a result of an unsafe sidewalk. The court granted summary disposition for the club. The city appealed.

The Court of Appeals *held:*

1. The ordinance in this case creates a public duty from which there can be no private right of recovery against a landowner. Accordingly, the city is not entitled to indemnification for damages recovered against it as a result of an unsafe sidewalk.

2. The city may not delegate its duty, under the governmental immunity act, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, to maintain its sidewalks, nor may it delegate its liability for a breach of that duty.

Affirmed.

*Philip A. Balkema,* City Attorney, and *Janice Fuller Bailey,* Assistant City Attorney, for the City of Grand Rapids.

*Smith, Haughey, Rice & Roegge* (by *Susan J. Bradley*), for Kent Country Club.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and NEFF, JJ.

PER CURIAM. Third-party plaintiff City of Grand Rapids appeals as of right from an order of the circuit court granting summary disposition to third-party defendant Kent Country Club pursuant to MCR 2.116(C)(8). We affirm.

I

The initial complaint was filed on behalf of Tara Bivens by Barbara Bivens, her mother and next friend, who asserted that her daughter sustained injuries resulting from having been thrown from her bicycle when the front tire hit a raised portion of a sidewalk abutting the club's property. She sued both parties now on appeal, jointly and severally, alleging that each owed a duty to properly maintain the sidewalk pursuant to Grand Rapids ordinances and state laws, and that breach of these duties led to plaintiff's injuries.

The club moved for summary disposition pursuant to MCR 2.116(C)(8), claiming that it owed no duty to plaintiff to maintain the public sidewalk. On July 31, 1989, the trial judge entered an order granting summary disposition to the club. No appeal was taken from that order.

The city thereafter filed a third-party complaint against the club. The city claimed, for purposes of this appeal, that pursuant to Grand Rapids Ordinance, § 4.84, the club is responsible for maintaining the sidewalk upon which plaintiff claims to have fallen, and, if recovery is had against the city, then it is entitled to indemnification from the club in accordance with the ordinance.

The club once again moved for summary disposition on the basis of MCR 2.116(C)(8), claiming that MCL 691.1402; MSA 3.996(102) and *Figueroa v Garden City,* 169 Mich App 619; 426 NW2d 727 (1988), squarely placed the duty to maintain public

sidewalks upon municipal corporations, and, thus, the city is not permitted to delegate such duty and liability to abutting landowners.

Following a hearing on the club's motion for summary disposition, the trial court entered an order granting the motion for summary disposition. The city now appeals as of right. Plaintiff below is not a party to this appeal, since this matter solely involves the questions of who has the duty to maintain public sidewalks and who is liable to pay any judgment ultimately entered in plaintiff's favor.

## II

The sole issue on appeal is whether the trial court erred in granting summary disposition to the club on the ground that the city had failed to state a claim for indemnification.

A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of the claim. *Markis v Grosse Pointe Park,* 180 Mich App 545, 551; 448 NW2d 352 (1989). It must be decided on the pleadings alone, and all well-pleaded facts and reasonable inferences drawn therefrom are taken as true. *Id.* The motion can only be granted if the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. *Id.*

In negligence cases, summary disposition is properly granted under MCR 2.116(C)(8) if the trial court determines as a matter of law that a defendant owed no duty to the plaintiff. *Sierocki v Hieber,* 168 Mich App 429, 433; 425 NW2d 477 (1988).

In *Figueroa, supra,* p 623, this Court found that the city ordinance in that case, which is very similar to the one involved here, did not create a

private right to recover against the landowner and that, accordingly, the city was not entitled to indemnification. This Court in *Figueroa* also found that the Legislature, in enacting the governmental immunity act, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, intended to occupy the entire field of governmental liability and that the city therefore is not permitted to delegate its duty or the liability of any breach of its duty to a private landowner. *Id.*

*Figueroa* is squarely on point, and the city has failed to convince us that it is distinguishable from this case. Accordingly, we affirm the trial court's order granting summary disposition to the club.

Affirmed.

DOCTOROFF, J., concurred in the result only.