WESTRY v BELL HELMETS, INC

Docket No. 131732. Submitted April 8, 1992, at Detroit. Decided May 19, 1992, at 9:00 A.M. Leave to appeal sought.

Sam and Linda Westry brought an action in the Wayne Circuit Court against Bell Helmets, Inc., and Anderson Sales and Service, after Sam Westry, who was wearing a helmet made by Bell and sold by Anderson, sustained head injuries when his motorcycle collided with an automobile and his head became lodged underneath the automobile. The plaintiffs claimed negligence in the failure to warn that the helmet could not protect against injury from certain types of impact and negligence in design or manufacture. The plaintiffs also claimed breach of implied warranty of merchantability and loss of consortium. The court, Richard P. Hathaway, J., granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

1. A manufacturer of motorcycle helmets has no duty to warn a purchaser that a helmet cannot protect against certain types of impact, the dangers of which may be characterized as open and obvious. Moreover, although the helmet involved in this case could not be produced at trial, the defendants presented evidence indicating that Bell affixed stickers to its helmets warning that some reasonably foreseeable impacts may exceed the helmets' capacity to protect against serious injury. Accordingly, the trial court did not err in summarily dismissing the plaintiffs' negligence claim with respect to the defendants' failure to warn.

2. After the defendants moved for summary disposition on the basis of a lack of a genuine issue of material fact, the plaintiffs failed to set forth specific facts showing that there were genuine issues for trial with respect to their claims of negligent design or manufacture and breach of implied warranty of merchantability. Thus, the trial court did not err in summarily dismissing those claims.

Affirmed.

*Robert Shulman,* for Sam and Linda Westry.

*Houghton, Potter, Sweeney & Brenner* (by *William C. Potter, Jr.*), for Bell Helmets, Inc.

*Nill, Kirby & Rockwell, P.C.* (by *Robert H. Shannon*), for Anderson Sales and Service.

Before: BRENNAN, P.J., and MACKENZIE and T. M. BURNS,* JJ.

PER CURIAM. Plaintiffs appeal as of right the Wayne Circuit Court's orders granting defendants' motions for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) of plaintiffs' warranty, negligence, and loss of consortium claims in an action arising out of a collision between Sam Westry's motorcycle and an automobile. Plaintiffs seek recovery from Bell Helmets, Inc., as the manufacturer of Westry's motorcycle helmet and from Anderson Sales and Service as the retailer of the helmet. We affirm.

On September 26, 1986, Sam Westry was riding his motorcycle in a westerly direction on Plymouth Road in the City of Detroit. An automobile made a left turn in front of Westry, who wound up sliding under the automobile. Westry's head became lodged under the front end of the vehicle near one of the tires. Bystanders at the scene of the accident lifted the front of the vehicle to free Westry. As a result of the accident, Westry sustained serious head injuries that prevent him from recalling any of the circumstances surrounding either the accident or the purchase of the helmet. Plaintiffs filed this lawsuit against defendants, alleging negligent manufacture or defect of the helmet, failure to adequately warn Westry of the

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

helmet's limitations, and breach of an implied warranty of merchantability.

Defendants moved for summary disposition on the grounds that plaintiffs failed to state legal claims and that there were no genuine issues of material fact. Donald L'Heureux, vice president of Bell Helmets, attested to the fact that the type of helmet used by Westry met the standards set by the Snell Memorial Foundation, the most stringent standards that existed for the manufacture of motorcycle helmets. This permitted Bell Helmets to place a Snell sticker on the helmet. The sticker provided as follows:

WARNING—SOME REASONABLY FORESEEABLE IM-PACTS MAY EXCEED THIS HELMET'S CAPACITY TO PRO-TECT AGAINST SERIOUS INJURY.

L'Heureux also averred that Bell Helmets put a second warning sticker on its helmets and that this warning conformed to Standard Z90.1(b) of the American National Standards Institute and provided:

WARNING! NO HELMET CAN PROTECT THE WEARER AGAINST ALL FORESEEABLE IMPACTS.

As a result of his head injuries, Westry was unable to recount any of the circumstances surrounding the purchase of the helmet. The helmet itself could not be found after it was examined and photographed by the police. Linda Westry stated that she did not hear any of the conversation between her husband and the salesman for Anderson on the date of purchase. The trial court ultimately ruled that Bell Helmets was under no duty to warn purchasers of the particular dangers involved in this case, which were characterized as

"open and obvious." The trial court also concluded that plaintiffs failed to assert genuine issues of material fact that the helmet was negligently manufactured or designed.

A motion for summary disposition based on the failure to state a claim tests the legal sufficiency of the claim. MCR 2.116(C)(8); *Bivens v Grand Rapids,* 190 Mich App 455, 457; 476 NW2d 431 (1991). The motion is to be decided on the pleadings alone, and all well-pleaded facts and reasonable inferences drawn from them are taken as true. *Bivens, supra.* In negligence cases, summary disposition is properly granted under MCR 2.116(C)(8) if the trial court determines as a matter of law that the defendant owed no duty to the plaintiff. *Bivens, supra; Sierocki v Hieber,* 168 Mich App 429, 433; 425 NW2d 477 (1988).

A trial court presented with a motion for summary disposition brought on the basis of a failure to state a genuine issue of material fact must give the benefit of reasonable doubt to the nonmovant and must determine whether a record might be developed that could leave open an issue with regard to which reasonable minds could differ. *Arbelius v Poletti,* 188 Mich App 14, 18; 469 NW2d 436 (1991). All inferences are to be drawn in favor of the nonmovant. *Id.* Before summary disposition may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Id.*

In a negligence action, the question whether a duty exists is for the court to decide. See *Etter v Michigan Bell Telephone Co,* 179 Mich App 551, 555-556; 446 NW2d 500 (1989); *Tame v A L Damman Co,* 177 Mich App 453, 455; 442 NW2d 679 (1989). Plaintiffs cite no authority for the proposition that manufacturers of motorcycle helmets have a duty to warn purchasers that a helmet

cannot protect against certain types of impact, let alone that such warning must be permanently and conspicuously embossed on the helmet. Moreover, the helmet apparently bore two warning stickers to the effect that the helmet could not protect the wearer from all foreseeable impacts. On the basis of the foregoing, we agree with the trial court's decision, made as a matter of law, that there was no duty as plaintiffs suggest. See *Etter, supra; Tame, supra.* Thus, no factual development could lead to a recovery. Therefore, the trial court properly granted defendants' motions for summary disposition of plaintiffs' failure-to-warn claim. See *Bivens, supra; Sierocki, supra.*

Plaintiffs also assert that summary disposition was inappropriate because there was evidence of either the negligent design or negligent manufacture of the helmet. As plaintiffs correctly note, circumstantial evidence may be used to prove a defect without a physical examination of the helmet. See, e.g., *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708, 713, 717; 202 NW2d 727 (1972) (possible brake failure in a new truck could be proved by circumstantial evidence where there is other evidence to support an inference that the brakes were defective); but cf. *Meli v General Motors Corp,* 37 Mich App 514; 195 NW2d 85 (1972) (assertion that a spring on an automobile's accelerator became disconnected as a result of a defect in manufacture was not a reasonable inference that would remove it from the realm of mere conjecture and preclude the grant of a directed verdict). Review of Linda Westry's affidavit in response to defendants' motions reveals plaintiffs' belief that the helmet would protect Sam Westry from injury and that Linda Westry saw neither any warning stickers on the helmet nor an instruction booklet that was allegedly provided by

Bell Helmets. The affidavit does not address the existence of any facts indicating negligent design or manufacture other than those that were alleged in asserting the claim of failure to adequately warn consumers of the danger, a claim that we have already addressed. However, MCR 2.116(G)(4) requires a party faced with a motion under MCR 2.116(C)(10) to set forth specific facts showing that there are genuine issues for trial rather than rest on mere allegations in the pleadings. See *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 115; 469 NW2d 284 (1991).

The inadequacy of Linda Westry's affidavit to forestall the grant of summary disposition pursuant to MCR 2.116(C)(10) is represented by the difference between *Snider, supra,* and *Meli, supra.* In *Snider,* the record contained corroborative evidence of a possible defect in the braking systems of similar trucks, supporting an inference that the defect may have caused the accident. In contrast, the only evidence of defect in the *Meli* case was the failure of a spring in the plaintiff's vehicle to work properly. Absent other evidence indicating that the spring's failure was due to an actual defect rather than another cause, such assertion rested on mere conjecture rather than on permissible inference. *Meli, supra* at 518. Although the *Meli* case involved a motion for a directed verdict rather than one for summary disposition, we find its distinction between reasonable inference and mere conjecture instructive. Plaintiffs' failure to raise specific facts that would turn mere conjecture of a defect in the manufacture or design of the helmet into a reasonable inference does not satisfy the requirements of the court rule. See MCR 2.116(G)(4); *McCart, supra.* Accordingly, the trial court properly concluded that plaintiffs failed to assert the existence of any genuine issues of

material fact with respect to their claim of negligent manufacture or design. See *Arbelius, supra.* For the same reason, plaintiffs have also failed to support their claim of breach of warranty.

Affirmed.