BROWN v DRAKE-WILLOCK INTERNATIONAL, LTD

Docket No. 145245. Submitted November 2, 1994, at Detroit. Decided
March 6, 1995, at 9:15 A.M. Leave to appeal sought.

Daisy Brown brought an action in the Wayne Circuit Court
against Harper Grace Hospitals, her employer; Drake-Willock
International, Ltd., McNeilab, and Baxter Health Care, manu-
facturers and suppliers of dialysis machines owned and used by
Harper Grace Hospitals; National Wholesale Drug Company,
Handel Laboratories, Inc., Bergen-Brunswig Drug Company,
and Frank W. Kerr Chemical Company, suppliers of formalde-
hyde used to clean the dialysis machines; and others. The
plaintiff alleged that she was exposed to formaldehyde during
her cleaning of the dialysis machines as part of her employ-
ment as a dialysis technician and had suffered serious injuries
as a result of that exposure. The plaintiff's theory of recovery
against Harper was intentional tort, thereby rendering the
claim not subject to the exclusive remedy provision of the
Worker's Disability Compensation Act, MCL 418.131(1); MSA
17.237(131)(1). The theory of recovery against the remaining
defendants was based on their failure to warn the plaintiff of
the dangers of exposure to formaldehyde. The trial court,
Thomas J. Brennan, J., granted summary disposition for cer-
tain of the defendants on the basis that there was no duty to
warn. The plaintiff appealed, and the Court of Appeals, GRIBBS,
P.J., and HOLBROOK, JR., and REILLY, JJ., reversed on the basis
that summary disposition was improper because there re-
mained an unresolved question of fact concerning whether the
use of formaldehyde was foreseeable. Unpublished opinion per
curiam, decided December 11, 1989 (Docket No. 107113). On
remand, the court, Samuel A. Turner, J., granted summary
disposition for Harper on the basis that an intentional tort had
not been shown and that the exclusive remedy provision of the
WDCA was applicable, granted summary disposition for Bergen,
Handel, Kerr, and National on the basis that the period of

REFERENCES

Am Jur 2d, Appeal and Error § 754; Limitation of Actions § 138;
Products Liability § 341; Workers' Compensation § 90.

Manufacturer's or seller's duty to give warning regarding product
as affecting his liability for product-caused injury. 76 ALR2d 9.

limitation had run by the time the claims against those defendants had been brought, and granted summary disposition for Drake, McNeilab, and Baxter on the basis that they owed no duty to warn the plaintiff of the dangers of formaldehyde exposure. The plaintiff appealed.

The Court of Appeals *held:*

1. The intentional tort exception to the exclusive remedy provision of the. WDCA applies where an employer requires an employee to work in conditions where the employer has actual knowledge that an injury is certain to occur. The plaintiff failed to show that Harper intended that the plaintiff be injured. At best, the plaintiff's allegations show negligence on Harper's part. Accordingly, the intentional tort exception is not applicable, the exclusive remedy is applicable, and the trial court properly granted summary disposition for Harper.

2. The plaintiff learned that her injury might have been from exposure to formaldehyde in July 1985. She commenced her action in August 1987 and filed an amended complaint naming Bergen, Handel, Kerr, and National as defendants in March 1989. Accordingly, the action against these defendants was filed more than three years after she discovered, or reasonably should have discovered, that she had a cause of action. The discovery rule does not toll the running of the statutory period pending the discovery of all possible parties once all the elements of the cause of action exist. Therefore, the trial court properly granted summary disposition for these defendants because the action was not commenced against them within three years of the accrual of the action.

3. The doctrine of law of the case does not preclude Drake, McNeilab, and Baxter from seeking summary disposition on the basis that they had no duty to warn. Because this Court in the prior appeal reversed and remanded on the basis of the existence of an unresolved issue of fact, there was no decision on the merits of the legal question, and, accordingly, the doctrine of law of the case does not apply.

4. The trial court granted summary disposition for Drake, McNeilab, and Baxter on the ground that they had no duty to warn the plaintiff of the dangers of formaldehyde. Because the plaintiff did not allege that the dialysis machines themselves were dangerous or defective, the trial court properly held that there was no duty by these manufacturers to warn of any dangers arising out of the use of formaldehyde in cleaning the machines. Further, because the purchaser of the machines, the hospital, was a sophisticated purchaser and the operation of the machine was under the control of learned intermediaries,

physicians, the defendant manufacturers had no duty to warn the plaintiff directly, because those in control of the machines could be relied upon to give any necessary warnings.

Affirmed.

1. Worker's Compensation — Intentional Torts — Exclusive Remedy — Summary Disposition.

Summary disposition for an employer on the basis of the exclusive remedy provision of the Worker's Disability Compensation Act is proper in an action by an employee for injuries allegedly suffered by exposure to chemicals in the workplace where the employee alleges an intentional tort but fails to allege that the employer had actual knowledge that an injury was certain to occur from the employee's exposure to the chemicals (MCL 418.131[1]; MSA 17.237[131][1]).

2. Limitation of Actions — Identity of Tortfeasor — Tolling.

The period of limitation applicable to a cause of action is not tolled pending discovery of the identity of an alleged tortfeasor where the other elements of the cause of action exist.

3. Appeal — Law of the Case.

The law of the case doctrine does not apply where on appeal an order of summary disposition is reversed and the case is returned for trial because an issue of material fact exists, because under those circumstances the appeal was not decided on the merits.

4. Products Liability — Sophisticated Users — Dialysis Machines.

Manufacturers of dialysis machines do not owe a duty of care to warn the operators of such machines about possible health hazards that might be associated with those machines, because the purchasers and users of those machines, hospitals and physicians, are sophisticated users who can be relied upon to warn others of any hazards.

*Chambers Steiner* (by *Angela J. Nicita*), for the plaintiff.

*Vandeveer Garzia* (by *Richard G. Szymczak* and *Hal O. Carroll*), for Drake-Willock International, Ltd.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Robert S. Krause, Kathleen A. Lang,* and *Alicia M. Diaz*), for McNeilab, Inc.

*Barris, Sott, Denn & Driker* (by *Elaine Fieldman*), for National Wholesale Drug Company.

*Miller, Canfield, Paddock & Stone* (by *Irene Bruce-Hathaway* and *Brian Doren*), for Harper-Grace Hospitals.

*Blake, Kirchner, Symonds, MacFarlane, Larson & Smith, P.C.* (by *Christopher G. Manolis* and *Richard P. Smith*), for Bergen-Brunswig Drug Company.

*Lizza & Mulcahy, P.C.* (by *James H. Mulcahy* and *David M. Lawson*), for Frank W. Kerr Chemical Company.

*Law Offices of Schwartz & Jalkanen* (by *Melvin R. Schwartz*), for Baxter Healthcare Corporation.

Before: TAYLOR, P.J., and HOLBROOK, JR., and M. E. DODGE,* JJ.

TAYLOR, P.J. Plaintiff appeals as of right from the summary disposition granted to Harper Grace Hospitals (Harper) pursuant to MCR 2.116(C)(10); National Wholesale Drug Company (National), Handel Laboratories, Inc. (Handel), Bergen-Brunswig Drug Company, and Frank W. Kerr Chemical Company (Kerr), pursuant to MCR 2.116(C)(7); and Drake-Willock International, Ltd (Drake), McNeilab, and Baxter Health Care (Baxter), pursuant to MCR.2116(C)(10). We affirm.

Plaintiff was employed by defendant Harper as a dialysis technician between the years 1978 and 1984. In the course of her employment, she was required to use a formaldehyde solution to clean the dialysis machines on a daily basis. Plaintiff contends that she sustained serious injuries as a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

result of her exposure to formaldehyde. Defendants Drake, McNeilab, and Baxter provided Harper with dialysis machines. Defendants Bergen, Handel, Kerr and National supplied Harper with formaldehyde.

Plaintiff argues that the trial court erred in granting summary disposition to Harper with respect to her intentional tort claim. She asserts that there were material questions of fact regarding whether Harper had actual knowledge that injuries would occur as a result of formaldehyde exposure. We disagree.

The exclusive remedy provision of the Worker's Disability Compensation Act and the intentional tort exception provide:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. *An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.* The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law. [MCL 418.131(1); MSA 17.237(131)(1). Emphasis added.]

This amendment became effective May 14, 1987, and it has retroactive application. *Smith v Mirror Lite Co,* 196 Mich App 190, 192, n 1; 492 NW2d 744 (1992); *Kudzia v Carboloy Division of General Electric Co,* 190 Mich App 285, 287; 475 NW2d 371 (1991).

The Court's decision in *Schefsky v Evening*

*News Ass'n,* 169 Mich App 223; 425 NW2d 768 (1988), is factually similar to the instant case and guides our determination on this issue. The plaintiff in *Schefsky* suffered injuries alleged to have been caused by using certain chemical solvents to clean printing presses. The plaintiff filed suit against his employer alleging an intentional tort. In their complaint, the plaintiff and his wife asserted that the defendant knew these solvents were dangerous, especially when used in confined areas, but withheld this information from the plaintiff by removing the solvents from their original containers that had pertinent warning labels attached. This Court found summary disposition appropriate because the plaintiffs did not allege that the defendant specifically intended to injure the plaintiff. The plaintiffs failed to allege that the defendant had actual knowledge that an injury was certain to occur from being exposed to the chemical solvents used in cleaning the presses, and the defendant received no warnings or complaints from employees about dangerous working conditions. *Schefsky, supra* at 228.

As in *Schefsky,* in this matter there is no evidence showing that Harper intended to injure plaintiff. Furthermore, a doctor in charge of Harper's nephrology department stated that he did not know of any relationship between the use of formaldehyde and respiratory problems. Plaintiff's allegations, at most, show negligence on Harper's part. Negligence does not qualify plaintiff for the intentional tort exception to the WDCA, and, thus, the WDCA provides plaintiff's exclusive remedy. Accordingly, the trial court correctly granted summary disposition for defendant Harper.

Plaintiff next argues that the trial court erred in granting summary disposition for the formaldehyde suppliers, Bergen, Handel, Kerr, and Na-

tional, on the basis of a statute of limitations violation. We conclude that the trial court correctly granted summary disposition pursuant to MCR 2.116(C)(7). In July 1985, plaintiff learned that her injury may have been caused by formaldehyde exposure. Her initial complaint was filed on August 28, 1987. The amended complaint naming Bergen, Handel, Kerr, and National as defendants was filed on March 2, 1989. While acknowledging that the three-year period of limitation had passed before the formaldehyde suppliers were sued, plaintiff argues that the statute of limitations should not have begun to run until plaintiff discovered, or through the exercise of reasonable diligence should have discovered, the identity of the parties.

Plaintiff's argument manifests a misunderstanding of the discovery rule. That rule states "that the period of limitation does not begin to run until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he had a possible cause of action." *Thomas v Process Equipment Corp,* 154 Mich App 78, 88; 397 NW2d 224 (1986). It is clear that the discovery rule pertains to discovering a specific injury, *Mascarenas v Union Carbide Corp,* 196 Mich App 240, 244; 492 NW2d 512 (1992), not to discovering the identities of all the possible parties. *Thomas, supra.* Our courts consistently have held that the statute of limitations is not tolled pending discovery of the identity of the parties where all the elements of the cause of action exist. *Thomas, supra* at 88.

Like the plaintiffs in *Thomas,* plaintiff in this case is using this rule in a context in which it was not designed to apply, i.e., to discover the identity of the parties. Regardless of when plaintiff discovered the identity of the formaldehyde suppliers,

her cause of action accrued in July 1985, and her March 2, 1989, complaint was barred by the statute of limitations. For the reasons stated by this Court in *Thomas, supra,* we decline to accept plaintiff's invitation to adopt the holding in *Yustick v Eli Lilly & Co,* 573 F Supp 1558 (ED Mich, 1983). We adopt the reasoning of the *Thomas* Court and conclude that the trial court correctly granted summary disposition.

With regard to defendants Drake, McNeilab, and Baxter, the manufacturers of dialysis machines, plaintiff argues that the court erred in granting summary disposition for them on the basis that they owed no duty to warn of the dangers associated with formaldehyde exposure.

This motion was characterized by the trial court as being decided pursuant to MCR 2.116(C)(10), yet it was decided on the basis that there was no claim stated. MCR 2.116(C)(8). If summary disposition is granted under one subpart of the court rule when judgment is appropriate under another subpart, the defect is not fatal and does not preclude appellate review if the record otherwise permits it. *Ellsworth v Highland Lakes Development Associates,* 198 Mich App 55, 57-58; 498 NW2d 5 (1993). Accordingly, we will address this matter as a motion pursuant to MCR 2.116(C)(8).

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Marcelletti v Bathani,* 198 Mich App 655, 658; 500 NW2d 124 (1993). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery.

*Wade v Dep't of Corrections,* 439 Mich 158, 163;
483 NW2d 26 (1992).

Plaintiff argues that, because of a prior appeal
in this matter, the doctrine of law of the case
precludes defendants Drake, McNeilab, and Baxter
from relitigating the issue of duty to warn. Unpub-
lished opinion per curiam of the Court of Appeals,
decided December 11, 1989 (Docket No. 107113).
Plaintiff asserts that this Court's prior decision in
Docket No. 107113 held that these manufacturers
had a duty to warn of the dangers of formaldehyde
use if such use was foreseeable. However, plaintiff
misunderstands the earlier decision of this Court.
In Docket No. 107113, this Court reversed the trial
court's grant of summary disposition and re-
manded because there were factual questions with
regard to whether use of formaldehyde as a clean-
ing agent was foreseeable. When this Court re-
verses a case and remands it for a trial because a
material issue of fact exists, the law of the case
doctrine does not apply because the first appeal
was not decided on the merits. *Borkus v Michigan
Nat'l Bank,* 117 Mich App 662, 666; 324 NW2d 123
(1982). In this case, the first appeal was remanded
to the trial court because a material issue of fact
existed. Therefore, the law of the case doctrine did
not preclude the trial court from revisiting this
issue.

Alternatively, plaintiff argues that summary dis-
position for the dialysis machine manufacturers
was improper.

Plaintiff relies on *Comstock v General Motors
Corp,* 358 Mich 163; 99 NW2d 627 (1959), for the
proposition that a supplier of a product has a duty
to warn purchasers of another product's dangers.
The Court in *Comstock* stated:

[T]he ultimate manufacturer is liable for negli-

gence in manufacture or inspection of parts of an automobile directly related to its safe operation even if the defective part was supplied by others and the injured party was not in privity of contract. [*Id.* at 174.]

Plaintiff claims that the dialysis machine manufacturers had a duty to warn of the dangers associated with formaldehyde use because defendants Drake and McNeilab recommended formaldehyde to clean their machines and defendant Baxter anticipated its use.

We conclude that *Comstock* is distinguishable from the instant case and that plaintiff's reliance on that case is misplaced. In this case, defendants Drake, McNeilab, and Baxter did not supply the formaldehyde that allegedly caused plaintiff's injury. Furthermore, formaldehyde was not related directly to the safe operation of defendants' dialysis machines. Plaintiff did not allege that the machines themselves were dangerous or defective; rather, plaintiff alleged that her use of formaldehyde caused her injuries.

In granting the summary disposition, the trial court determined that defendant dialysis machine manufacturers owed no duty to warn because they merely supplied the dialysis machines cleaned by plaintiff. The court held that defendant manufacturers did not have a duty to provide warnings for dangerous conditions present in other products. We agree. The law does not impose upon manufacturers a duty to warn of the hazards of using products manufactured by someone else. *Spaulding v Lesco Int'l Corp,* 182 Mich App 285, 290; 451 NW2d 603 (1990), aff'd 441 Mich 379; 491 NW2d 208 (1992). Because plaintiff did not allege that the dialysis machines themselves were dangerous or defective, she cannot assert that defendant manu-

facturers had a duty to warn of the dangers of formaldehyde. The question whether a duty exists is for the trial court. If the trial court determines that a defendant did not owe the plaintiff a duty, summary disposition is appropriate. *Westry v Bell Helmets, Inc,* 194 Mich App 366, 369-370; 487 NW2d 781 (1992).

Furthermore, we hold that defendant manufacturers did not owe any duty to warn on the basis that they had sold this equipment to a sophisticated purchaser and learned intermediary. Defendant manufacturers raised these issues below, but the trial court chose not to address them because it found that the manufacturers were entitled to summary disposition simply on the basis that they had no duty to warn about others' products. Although the trial court did not base its determination on these grounds, "this Court may properly review an issue if the question is one of law and the facts necessary for its resolution have been presented." *Spruytte v Owens,* 190 Mich App 127, 132; 475 NW2d 382 (1991).

This state first recognized the sophisticated user doctrine in *Antcliff v State Employees Credit Union,* 414 Mich 624, 640; 327 NW2d 814 (1982), in which the court stated:

> There are countless skilled operations such as the rigging of scaffolding, which involve otherwise nondangerous products in potentially dangerous situations. A manufacturer of such a product should be able to presume mastery of the basic operation. The more so when, as here, the manufacturer affirmatively and successfully limits the market of its product to professionals. In such a case, *the manufacturer should not be burdened with the often difficult task of providing instructions on how to properly perform the basic operation.* [Emphasis added.]

The holding in *Antcliff* was limited to the facts of that case and that defendant; however, the sophisticated user defense has been further recognized in Michigan. For instance, in *Ross v Jaybird Automation, Inc*, 172 Mich App 603, 607; 432 NW2d 374 (1988), this Court stated:

> A seller or manufacturer should be able to presume mastery of basic operations by experts or skilled professionals in an industry, and should not owe a duty to warn or instruct such persons on how to perform basic operations in their industry.

In *Aetna Casualty & Surety Co v Ralph Wilson Plastics Co*, 202 Mich App 540, 547-548; 509 NW2d 520 (1993), this Court stated:

> Those with a legal obligation to be informed concerning the hazards of materials used in manufacturing processes must be relied upon, as sophisticated users, to fulfill their legal obligations, thereby absolving manufacturers in some circumstances of the duty to warn the users of chemical products, where such use is in the course of employment for a sophisticated bulk user. Any other rule would mean that " '[m]odern life would be intolerable unless one were permitted to rely to a certain extent on others doing what they normally do, particularly if it is their duty to do so.' " [Citations omitted.]

Further, in *Jodway v Kennametal, Inc*, 207 Mich App 622; 525 NW2d 883 (1994), this Court again applied the sophisticated user doctrine, concluding that a supplier could rely upon a bulk user to be sophisticated and also could rely upon an employer to comply with federal and state law concerning safety.

In the instant case, the dialysis machines were sold to sophisticated buyers. Indeed, dialysis ma-

chines are prescription devices, available for purchase by physicians only. 21 CFR 801.109(b)(1). Accordingly, the rationale behind the sophisticated user doctrine and the cases cited herein applies in this case. Defendant manufacturers could assume that the physicians purchasing their dialysis machines would have a mastery of the basic operation of the equipment and would adequately instruct their employees.

Similarly, application of the learned intermediary rule lends further support for the trial court's decision. In *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 88; 273 NW2d 476 (1979), the Court stated:

> A manufacturer of a prescription drug has a legal duty to warn the medical profession, not the patient, of any risks inherent in the use of the drug which the manufacturer knows or should know to exist.

This Court recognized the rule in *Mowery v Crittenton Hosp,* 155 Mich App 711, 720; 400 NW2d 633 (1986), and held that the defendants, a hospital, a physician, a medical laboratory, and a drug company, were not liable to the plaintiffs, a patient and her spouse, because the drug in question could only be purchased with a prescription issued by a doctor. This Court stated:

> To expect the average citizen to know if he or she should take the drug or when to stop taking it, or to understand the technical language so often necessary to explain the dangers of the drug, is unreasonable. This is the basis for the "learned intermediary" rule adopted by a majority of jurisdictions in cases involving therapeutic, diagnostic or curative drugs.

> Accordingly, in the absence of a clear legal duty imposed on defendant manufacturers to directly warn plaintiffs, plaintiffs have failed to state a claim upon which they may recover. [*Id.* at 720-721.]

We now hold that the reasoning and policy behind the learned intermediary rule applies not only to prescription drugs, but also to prescription devices such as dialysis machines. Under the learned intermediary rule, the hospital or physician was the proper recipient of necessary information or warnings, not plaintiff. As in *Mowery,* defendant manufacturers had no duty to warn plaintiff in this case because of the learned intermediary rule.

Finally, we note that plaintiff wrongly asserts that the trial court only granted partial summary disposition to these defendants. Plaintiff admitted in response to defendants' interrogatories that her only theory against defendant manufacturers was their alleged failure to warn of the dangers posed by the inhalation of formaldehyde. The trial court fully addressed this issue and granted summary disposition that encompassed all plaintiff's claims against these defendants.

In summary, the manufacturers of the dialysis machines, Drake, McNeilab, and Baxter, have no duty to warn plaintiff of the dangers of formaldehyde because (1) their dialysis machines were not dangerous or defective, (2) the purchaser of the product was a sophisticated user that could be relied upon to give such warnings, and (3) this product is securable only by prescription from a physician, and thus, the learned intermediary rule pertains.

We affirm.