*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMERICAN FRIENDS SERVICE COMMITTEE,

UNPUBLISHED
February 20, 2026
10:31 AM

Plaintiff-Appellant,

v

No. 373489
Court of Claims
LC No. 23-000138-MZ

DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

Before: LETICA, P.J., and RICK and BAZZI, JJ.

PER CURIAM.

In this case involving the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., plaintiff appeals as of right the Court of Claims' order granting summary disposition in favor of defendant, the Michigan Department of Corrections (MDOC). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

For purposes of this appeal, the majority of the material facts are not in dispute. Plaintiff is a nonprofit organization with a Michigan Criminal Justice Program that supports incarcerated persons by providing parole planning and rehabilitative programming. Plaintiff permits students at the University of Michigan to intern and perform certain tasks for plaintiff, such as filing FOIA requests. This case involves five separate FOIA requests that plaintiff submitted through five student interns in the winter of 2023. Plaintiff sought the parole records for five incarcerated persons who were granted public hearings in response to their applications for commutation from the Governor. In mid- and late March 2023, the MDOC, through its FOIA coordinator, submitted five identical responses to the filed FOIA requests. These responses provided that the FOIA requests were granted in part, and denied in part, with portions being exempt from disclosure. The MDOC requested 50% good-faith deposits to cover fees and the agency informed the students that the FOIA requests would be processed once these deposits were paid. The MDOC included a fee-calculation sheet detailing the basis for each good-faith deposit calculation with each response.

Plaintiff, via its student interns, filed administrative appeals with the MDOC for each of the five FOIA requests. The appeals were premised on MCL 15.240[1] and alleged that (1) the MDOC's responses failed to identify the specific exemptions for denying the applicable request in part, (2) the requested material was statutorily mandated to be made publicly available, and (3) the MDOC was required by statute to separate exempt from nonexempt material in the design of its public records. In early April 2023, the MDOC, through Director Heidi E. Washington, sent identical notices for plaintiff's five appeals. Washington explained that good-faith deposits were required to begin processing the FOIA requests and that "[n]o decision to deny any portion of your request has been made, as the Department requires the previously discussed deposit to begin processing your request. Therefore, the Department has no denial to uphold or reverse as no decision on the denial of any records has been made." Washington further clarified that the fees were necessary because the FOIA requests would result in "unreasonably high costs" because the MDOC employees "must be taken away from pending work to process the request, and expend additional time to complete regularly assigned departmental work." Washington sustained the fees and she informed each student that he or she could appeal to the Court of Claims.

In September 2023, plaintiff brought this action in the Court of Claims contending that the MDOC violated the FOIA because the requested records were indisputably public records without any exemptions, the public interest outweighed any interest in nondisclosure, the charged fees were impermissible, and the MDOC could not charge the fees because it neglected to comply with the FOIA. The MDOC moved for summary disposition under MCR 2.116(C)(4) (lack of jurisdiction), (C)(8) (failure to state a claim on which relief can be granted), and (C)(10) (no genuine issue of material fact), arguing that plaintiff could not challenge a denial of records because the agency had not made a final determination regarding the FOIA requests. Rather, the MDOC asserted, it requested the good-faith deposits that plaintiff failed to pay. The MDOC further advanced that any attempts to contest the fees were untimely because plaintiff did not bring its lawsuit within 45 days of Washington's decision affirming the fees. The Court of Claims granted summary disposition in the MDOC's favor and dismissed the action.[2] This appeal ensued.

---

[1] MCL 15.240(1)(a) provides that a requesting party may appeal a "final determination" that denies all or part of a FOIA request.

[2] The Court of Claims did not explicitly state the grounds upon which it granted the MDOC's motion for summary disposition. The MDOC moved for summary disposition under MCR 2.116(C)(4), (C)(8), and (C)(10), and the Court of Claims referenced all three of these subrules in its decision's standard of review. Given that the Court of Claims considered evidence outside the pleadings, it appears that summary disposition was granted under either subrule (C)(4) or (C)(10), but not subrule (C)(8), because only subrules (C)(4) and (C)(10) permit consideration of external evidence. *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, 347 Mich App 168, 176; 14 NW3d 456 (2023); *Tripp v Baker*, 346 Mich App 257, 262; 12 NW3d 45 (2023). The Court of Claims' commentary during the subsequent motion hearing indicated summary disposition was granted under subrule (C)(4). However, because the Court of Claims generally maintains jurisdiction over matters pertaining to the FOIA, and for the reasons discussed herein, we opine that summary disposition was more suitable under MCR 2.116(C)(10). See MCL

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on summary disposition. *Tripp v Baker*, 346 Mich App 257, 272; 12 NW3d 45 (2023). Motions brought under MCR 2.116(C)(10) test "the factual sufficiency of a claim." *Wilmore-Moody v Zakir*, 511 Mich 76, 82; 999 NW2d 1 (2023). A motion is properly granted under MCR 2.116(C)(10) "when the proffered evidence fails to establish a genuine question of fact." *Tripp*, 346 Mich App at 262. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks and citation omitted). This Court must review "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Tripp*, 346 Mich App at 262 (quotation marks and citation omitted).

We also review de novo the interpretation of statutes. *McQueer v Perfect Fence Co*, 502 Mich 276, 285-286; 917 NW2d 584 (2018). "All matters of statutory interpretation begin with an examination of the language of the statute." *Id*. at 286. If a statute is unambiguous, it "must be applied as written." *Id*. (quotation marks and citation omitted). This Court may not read something into the statute "that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Id*. (quotation marks and citation omitted). Furthermore, statutory language "cannot be viewed in isolation, but must be construed in accordance with the surrounding text and the statutory scheme." *Id*. (quotation marks and citation omitted). In other words, a statute must be read as a whole. *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009). "Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). Finally, courts "give undefined statutory terms their plain and ordinary meanings." *Id*.

Furthermore, we review de novo the lower court's interpretation and application of the FOIA and "for clear error the trial court's factual findings underlying its application of the FOIA." *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019).

---

15.240a(1)(b) (stating, "If a public body requires a fee that exceeds the amount permitted under its publicly available procedures and guidelines or section 4, the requesting person may . . . [c]ommence a civil action in the circuit court, or if the decision of a state public body is at issue, in the Court of Claims, for a fee reduction"); see also *O'Connell v Director of Elections*, 316 Mich App 91, 100; 891 NW2d 240 (2016) (providing that "subject-matter jurisdiction is the deciding body's authority to try a case of the kind or character pending before it, *regardless of the particular facts of the case*") (quotation marks and citation omitted; emphasis added). Nonetheless, even if MCR 2.116(C)(4) was the improper subrule under which to grant summary disposition, any error was harmless because summary disposition was proper under subrule (C)(10). See *Brown v Drake-Willock Int'l, Ltd*, 209 Mich App 136, 143; 530 NW2d 510 (1995), (noting, "If summary disposition is granted under one subpart of the court rule when judgment is appropriate under another subpart, the defect is not fatal and does not preclude appellate review if the record otherwise permits it"); see also *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) (affirming the trial court for reaching the right result for the wrong reasons).

Clear error occurs when "after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake was made." *Id.*

## III. ANALYSIS

Plaintiff argues that the MDOC's responses constituted a final determination and thereby allowed plaintiff to challenge the MDOC's alleged violations of the FOIA, and that a request for a deposit does not inherently serve as a condition precedent to a public body making its final determination. Plaintiff further argues that its lawsuit challenging the charged fees was timely. We disagree.

> FOIA is a statute intended to provide members of the public access to public records unless the Legislature enacted a statutory exemption to disclosure. FOIA is a manifestation of this state's public policy favoring public access to government information, recognizing the need that citizens be informed as they participate in democratic governance, and the need that public officials be held accountable for the manner in which they perform their duties. The Legislature codified the FOIA to facilitate disclosure to the public of public records held by public bodies. In construing the provisions of the act, we keep in mind that the FOIA is intended primarily as a prodisclosure statute and the exemptions to disclosure are to be narrowly construed. [*Woodman v Dep't of Corrections*, 511 Mich 427, 441; 999 NW2d 463 (2023) (quotation marks and citations omitted).]

Reflecting the public policy principles endorsed by the Legislature in the act, the FOIA provides that all persons, unless incarcerated, maintain "a right to inspect, copy, or receive copies of [a] requested public record of [a] public body." MCL 15.231(2); MCL 15.233(1). Upon receiving a FOIA request, the public body must grant the request, deny the request, deny the request in part, or issue a 10-day extension. MCL 15.235(2)(a) to (d). The failure to respond to the request within the mandated number of business days, or a "written notice denying a request for a public record in whole or in part is a public body's final determination to deny the request or portion of that request." MCL 15.235(3); MCL15.235(5).

Such a final determination must contain, among other items, "[a]n explanation of the basis under this act or other statute for the determination that the public record, or portion of that public record, is exempt from disclosure, if that is the reason for denying all or a portion of the request." MCL 15.235(5)(a). Regarding the appeal and judicial review of "final determinations," MCL 15.240(1) states:

> If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:
>
> (a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.
>
> (b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure

of the public records within 180 days after a public body's final determination to deny a request.

The FOIA additionally authorizes public bodies to charge fees and request deposits when receiving FOIA requests under certain circumstances. MCL 15.234. Relevant to this appeal, MCL 15.234(8) provides:

> In either the public body's initial response or subsequent response as described under [MCL 15.235(5)(d)], the public body may require a good-faith deposit from the person requesting information before providing the public records to the requestor if the entire fee estimate or charge authorized under this section exceeds $50.00, based on a good-faith calculation of the total fee described in subsection (4). Subject to subsection (10), the deposit must not exceed 1/2 of the total estimated fee . . . .

"If a public body requires a fee that exceeds the amount permitted under its publicly available procedures and guidelines or [MCL 15.234(4)], the requesting person may" submit a written appeal to the head of the public body if the public body provides for fee appeals or initiate a civil action in the circuit court or the Court of Claims. MCL 15.240a(1). "The action must be filed within 45 days after receiving the notice of the required fee or a determination of an appeal to the head of a public body." MCL 15.240a(1)(b). But if the requesting person omits payment of the good-faith deposit mandated under MCL 15.234(8):

> within 45 days from receipt by the requesting person of the notice that a deposit is required, and if the requesting person has not filed an appeal of the deposit amount pursuant to [MCL 15.240a], the request shall be considered abandoned by the requesting person and the public body is no longer required to fulfill the request. [MCL 15.234(14); emphasis added.]

Concerning FOIA fee disputes, MCL 15.240a(1)(a) to (b) details, in relevant part:

> If a public body requires a fee that exceeds the amount permitted under its publicly available procedures and guidelines or [MCL 15.234], the requesting person may do any of the following:
>
> (a) If the public body provides for fee appeals to the head of the public body in its publicly available procedures and guidelines, submit to the head of the public body a written appeal for a fee reduction that specifically states the word "appeal" and identifies how the required fee exceeds the amount permitted under the public body's available procedures and guidelines or [MCL 15.234].
>
> (b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, in the court of claims, for a fee reduction. The action must be filed within 45 days after receiving the notice of the required fee or a determination of an appeal to the head of a public body. If a civil action is commenced against the public body under this subdivision, the public body is not obligated to complete the processing of the written request for the public record at

-5-

issue until the court resolves the fee dispute. An action shall not be filed under this subdivision unless 1 of the following applies:

* * *

(*iii*) The head of the public body issued a determination to a written appeal as required under subsection (2).

After receiving an appeal under MCL 15.240a(1), the public body head must take one of several actions, one of which is to uphold the fee through a written determination. MCL 15.240a(2)(c).

In *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 387-388; 872 NW2d 223 (2015), this Court held that a public body is not required to issue a final determination on a FOIA request until *after* the requesting party has paid the good-faith deposit. The *Arabo* Court opined, "[R]eading §§ 4 and 5 of the FOIA together to produce a harmonious and consistent enactment as a whole, the statutory scheme can be reasonably construed so as to obligate the public body to respond with its final determination in accordance with § 5(2) and (4) of the FOIA once the requester has paid the required deposit authorized under § 4(2) of the FOIA." *Id*. at 387 (quotation marks and citation omitted).[3] This Court detailed that "the Legislature's authorization for a public body to require a deposit, i.e., a down payment, equal to [one-half] of the authorized fee, 'at the time a request is made' . . . clearly contemplates that the public body may recover part of its costs up front before processing the request." *Id*. Accordingly, the defendant, the Michigan Gaming Control Board, was solely obligated to issue a final determination after the good-faith deposit was remitted. *Id*. at 387-388. Additionally, because a final determination "is a prerequisite to plaintiff's commencement of a cause of action to compel disclosure of the requested records," the trial court's grant of summary disposition was proper because the plaintiff never paid the deposit and, thus, no final determination occurred. *Id*. at 388-389.

In the instant matter, the pertinent inquiry is whether the MDOC's March 2023 responses requesting good-faith deposits constituted final determinations under the FOIA. Although the MDOC used language suggesting that the FOIA requests were granted in part, and denied in part, this verbiage was limited by the MDOC's explicit requests for the deposits, in addition to statements that the FOIA requests would *not* be administered until *after* these deposits were paid including, "Upon receipt of the deposit, the Department will process your request." See *Arabo*, 310 Mich App 375-376, 383 (granting the FOIA request for existing and nonexempt records but qualifying this with a request for a good-faith deposit). But plaintiff did not remit or contest the deposits, thus, negating the MDOC's duty to make a final determination. *Id*. at 388. Further, much like *Arabo*, plaintiff's claims are conditioned upon a future event, i.e., the payment of the required good-faith deposits. Accordingly, the contested MDOC responses were not final determinations under MCL 15.235, rather, they were requests for good-faith deposits under MCL 15.234. Thus,

---

[3] When *Arabo* was issued, the good-faith deposit provision was provided in MCL 15.234(2), not (8). As discussed further herein, while MCL 15.234 and MCL 15.235 have been amended multiple times since the *Adobo* decision, the language concerning good-faith deposits has not been substantively altered. See MCL 15.234, as amended by 1996 PA 553; MCL 15.235, as amended by 1996 PA 553; MCL 15.234(8).

the MDOC was not obligated to respond with a final determination until after the deposits were paid. Without a final determination, any lawsuit premised on such a determination was improper. MCL 15.240(1).

Plaintiff further asserts that *Arabo* was an inappropriate precedent for the Court of Claims to ground its decision in. Plaintiff seeks to distinguish *Arabo* on the basis that it addressed a former version of the FOIA, particularly MCL 15.234 and MCL 15.235. However, a juxtaposition of the current versions of MCL 15.234 and MCL 15.235 to the pre-2015 versions applied by this Court in *Arabo*, indicates that *Arabo* remains controlling. The current version provides, in pertinent part, "In either the public body's initial response or subsequent response as described under [MCL 15.235(5)(d)], the public body may require a good-faith deposit from the person requesting information before providing the public records . . . ." MCL 15.234(8). This novel language demonstrates that the Legislature expanded the good-faith deposit requirement by permitting public bodies to require the deposit not only "at the time a request is made," i.e., in its "initial response," but additionally in a "subsequent response." While the former version omitted the "providing the public records" language, this is a nominal distinction because a public body must necessarily make a final determination before fulfilling a FOIA request. Moreover, plaintiff's position is undermined by MCL 15.234(14), which obligates the requesting party to *either* pay the deposit *or* appeal within 45 days, or otherwise risk forfeiting the request. There is no provision suggesting that a public body must issue a final determination while withholding the requested records.

Because the MDOC's responses were not final determinations, plaintiff's sole option was to contest the fee determinations themselves.[4] However, while plaintiff appealed the MDOC's responses, these appeals were *not* premised on the fees; rather, plaintiff challenged the MDOC's alleged failure to identify exemptions, to render the requested material publicly accessible, and to separate exempt from nonexempt material. MCL 15.240a(1)(a) mandates that "a written appeal for a fee reduction" must identify "how the required fee exceeds the amount permitted under the public body's available procedures and guidelines or [MCL 15.234]." Plaintiff's appeals failed to do so, and it is undisputed that plaintiff did not pay the good-faith deposits. Thus, under MCL 15.234(14), because plaintiff omitted the deposits and neglected to appeal the deposits' amounts pursuant to MCL 15.240a with a 45-day time frame, the FOIA requests were deemed abandoned, and the MDOC was no longer obligated to fulfill those requests. While the Court of Claims did not premise its decision on the aforementioned basis, summary disposition was nonetheless warranted. See *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) (affirming the trial court for reaching the right result for the wrong reasons).

Even assuming that plaintiff initiated appeals of the fees under MCL 15.240a(1)(a), its complaint remained untimely. In early April 2023, the MDOC sent notices to plaintiff, through Director Washington, upholding the fees and informing each requester acting on behalf of plaintiff of the ability to appeal to the Court of Claims. These notices constituted a written determination affirming the good-faith deposits under MCL 15.240a(2)(c). Thus, plaintiff had 45 days after

---

[4] MCL 15.240a(8) states, "As used in this section, 'fee' means the total fee or any component of the total fee calculated under section 4, *including any deposit*." (Emphasis added).

-7-

receiving the cited notices to commence an action in the Court of Claims. MCL 15.240a(1)(b)(*iii*). But plaintiff did not initiate the underlying action until September 2023, which exceeded the 45-day period. Therefore, any claims pertaining to the FOIA fees were untimely. While plaintiff contends that its complaint properly set forth the fee issues before the Court of Claims, because plaintiff alleged that the MDOC's fees were improperly imposed under MCL 15.234(3), the plain language of the FOIA provides otherwise. The FOIA outlines specific time frames and procedures regarding fee-determination appeals, and the delayed filing of a complaint is not listed as an adequate means to do so. Plaintiff maintains that filing a separate action under MCL 15.240a would be "inefficient," but such policy arguments are suited for the Legislature, not this Court. The FOIA clearly and explicitly mandates that requesting parties challenge fee determinations in an appeal to the head of the agency, or in this Court, within the 45-day time frame.

In light of the foregoing, summary disposition and dismissal of this action was proper. Plaintiff's one-count complaint alleged that the MDOC violated the FOIA by withholding the requested records, by neglecting to list the applicable exemptions, and by charging the fees. However, there were no final determinations for plaintiff to challenge, plaintiff did not properly appeal the fees, and plaintiff failed to commence an action in the Court of Claims within the statutorily-mandated 45 days after receipt of the notices. Accordingly, we need not reach plaintiff's arguments concerning the propriety of the fees themselves because plaintiff's opportunity to challenge such fees has already expired.[5]

Affirmed.

/s/ Anica Letica
/s/ Michelle M. Rick
/s/ Mariam S. Bazzi

---

[5] We further decline to address plaintiff's argument regarding the award of attorney fees and costs, or the MDOC's argument pertaining to standing, because we determined that summary disposition was properly granted.